147 So.2d 747 (1962)
Darwin Cozad WOLFE and Mabel Warren Wolfe, Plaintiffs-Appellees,
v.
LeVASSEUR-HINSON CONSTRUCTION COMPANY et al., Defendants-Appellants.
No. 9798.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1962.
*748 Bodenheimer, Looney, Richie & Jones, Shreveport, for Central Mutual Ins. Co.
Nelson & Gray, Shreveport, for LeVasseur-Hinson Construction Co.
Wilkinson, Lewis, Madison & Woods, Shreveport, for appellees.
Before HARDY, AYRES and BOLIN, JJ.
HARDY, Judge.
This is a suit by plaintiffs, husband and wife, as owners of a home, to recover damages from the defendant building contracting firm in the amounts expended and to be expended for the replacement of buckled and warped flooring. Other defects in construction were urged in plaintiffs' original petition but have been eliminated from consideration by the defendant contractors' agreement on trial of the case to correct the same. By supplemental petition plaintiffs prayed for additional damage in the nature of inconvenience suffered during replacement of the flooring. Joined as a party defendant was plaintiffs' "all risk" property insurance carrier. Defendant insurer interposed an exception of no cause and no right of action, which was overruled, whereupon it filed a third party pleading against defendant contractor, praying for judgment over in the event it should be held liable to its insured.
After trial there was judgment in favor of plaintiffs against both defendants, in solido, for the principal sum of $3,087.15, together with interest at the legal rate from date of judicial demand; further judgment against defendant contractor for the principal sum of $500.00, representing damages for inconvenience, etc., caused by replacement of the floors; finally, judgment in favor of defendant insurer as third party plaintiff against the defendant contractor for such amount as said insurer might be called upon to pay to plaintiffs. From this judgment defendant contractor has appealed in its entirety and defendant insurer has appealed from that portion affecting its liability.
With respect to plaintiffs' main demand against the defendant contractor, we regard this case as involving purely factual issues. Plaintiffs entered into a contract with defendant, LeVasseur-Hinson Construction Company, for the building of a residence, which was duly completed, the contract price paid by plaintiffs, and the residence occupied by them on February 25, 1961. Defendant, Central Mutual Insurance Company, issued to plaintiffs a broad form policy of fire and extended insurance covering their residence and premises, which policy, by its terms, became effective March 15, 1961. Within a month, more or less, after *749 plaintiffs occupied their home, they began to experience difficulties caused by the buckling of vinyl tile floors in certain rooms of their home. The contractor replaced a portion of the objectionable flooring, but, thereafter, the unsatisfactory condition of these floors increased, became more evident and, additionally, the hardwood floors in other rooms began to buckle to such an extent as to become unsightly and, indeed, to become impracticable for the purpose and use for which they were intended. Despite numerous demands by plaintiffs, the defendant contractor refused to accept further responsibility, whereupon plaintiffs caused replacement of the vinyl floors to be made by another contractor, for which work they paid the amount charged therefor and further procured an estimate, which the record does not successfully controvert, as to the cost of replacement of the hardwood floors.
Plaintiffs' petition primarily alleges that the defects in the flooring were caused by the contractor's negligence in installing wet flooring, and, alternatively, the doctrine of res ipsa loquitur was asserted.
Before this court counsel for defendant contractor has relied primarily upon the specification of error with respect to the application of the doctrine of res ipsa loquitur. No written reasons were assigned by the trial judge, and, therefore, we have no way of ascertaining whether he based his judgment upon the establishment of negligence on the part of defendant contractor or upon the application of the doctrine of res ipsa loquitur. In this connection it suffices for us to say that we consider it quite unnecessary to examine the applicability, vel non, of the doctrine of res ipsa loquitur under the facts which we hold to be overwhelmingly established by the record.
On trial the testimony of witnesses tendered by plaintiffs incontrovertibly demonstrated that portions of the flooring which were removed, after evidences of serious imperfections therein were discovered, were damp and moldy. In our opinion, every possibility and every explanation for this condition which might have occurred after construction has been eliminated, not only by the testimony of witnesses for plaintiff but by witnesses for the defendant contractor. It follows that there can be no reasonable conclusion except that the installation of the flooring was performed at a time when the material was either wet or imperfectly dried, and the resultant defects must be attributed to the failure of the contractor to perform this operation in a proper and workmanlike manner. Without the necessity of detailed analysis of the evidence in this case, we are convinced that the negligence of the contractor has been definitely and positively established. Liability for this negligence and failure of performance of the contractor in a skillful and workmanlike manner is clearly provided by LSA-C.C. Articles 2762, 2769 and 1930. The particular nature of breach of contract involved in this case was thoroughly considered by this court in Hunter v. Mayfield, La.App., 106 So.2d 330.
We find no merit whatsoever in the contentions on behalf of defendant contractor that he was free from any fault or negligence related to the serious defects which developed in the flooring installed in plaintiffs' home.
Nor do we consider that there was any error in the allowance of the moderate sum of $500.00 in favor of plaintiffs, representing damages caused by inconvenience, discomfort, etc., resulting from the replacement of the flooring which has already been performed.
We next proceed to a consideration of the defense of non-coverage asserted by the defendant insurer. This issue appears to be res nova in this State, and, indeed, we have been unable to find any helpful jurisprudence from any other jurisdictions, nor have we been cited to any, which we regard as being appropriate, by learned counsel for this defendant, save certain extracts from text books quoted in brief. Nonetheless, *750 despite the paucity of authority, we are at a loss to understand upon what ground the insurer can be held liable under a policy covering the assumption of risks which did not become effective until a date subsequent to the actions which caused the damage.
The Insurance Code of our State, as set forth in Title 22 of the Revised Statutes, in that part dealing with the Insurance Contract provides, in Section 624, that a policy of insurance shall specify the time at which the insurance thereunder takes effect.
As we have above set forth in our statement of facts, the policy involved in this case specifically provided that the effective date was March 15, 1961. Under our factual conclusions, we have determined that the damages for which recovery is sought in plaintiff's action were due to causes which had their inception sometime prior to this date. In other words, although the actual damage did not become manifest until after the effective date of the policy, the cause thereof, the negligence of defendant contractor, was in existence prior to said date. In the absence of any agreement affecting the terms of an insurance policy, we are not aware of any theory upon which the liability of an insurer begins to run until the effective date of the policy as set forth therein. We do not think a conclusion on this point could properly be reached until after trial on the merits, and we, therefore, reject the contention that the peremptory exception should have been sustained. However, we are convinced that the judgment against the defendant insurer is erroneous.
For the reasons assigned, the judgment in favor of plaintiffs and against the defendant, LeVasseur-Hinson Construction Company, is affirmed in all respects.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment in favor of plaintiffs and against the defendant, Central Mutual Insurance Company, is annulled, set aside and reversed, and there is now judgment in favor of said defendant rejecting plaintiffs' demands.
All costs of both courts are taxed against the defendant-appellant, LeVasseur-Hinson Construction Company.