163 So.2d 450 (1964)
TAYLOR CONTRACTING & SUPPLY COMPANY, Plaintiffs-Appellees,
v.
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Defendant-Appellant.
No. 10158.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1964.
Rehearing Denied April 30, 1964.
Writ Refused June 26, 1964.
Mayer & Smith, Shreveport, for appellant.
Feist & Schober, Shreveport, for appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
*451 GLADNEY, Judge.
Taylor Contracting & Supply Company, Inc. brought this suit against its insured, American Mutual Liability Insurance Company, to collect a claim for property damage under its policy. The action was defended on the ground that the loss occurred prior to the effective date of the insurer's contractual liability. After trial judgment was rendered favorable to plaintiff and statutory attorney's fees were awarded. The insurer has appealed and plaintiff has answered the appeal seeking an increase in fees.
There is no real dispute as to the facts. Taylor Contracting & Supply Company contracted with the Baker Land Company to put a new roof on a building in the 1100 block of Commerce Street in Shreveport. At the time the work was commenced Taylor had in force and effect with appellant a comprehensive general liability policy dated August 1, 1961, but which did not cover property damage liability. By letter of October 23, 1961, the comprehensive general liability policy was enlarged to cover "blanket property damage coverage for your roofing operations", the policy being endorsed to reflect "this coverage as of November 1, 1961." The rider sent by the manager was attached to this letter and the coverage was incorporated in this language:
"ADD: Property damage in limits of 5/25,000 on ROOFING OPERATIONS ONLY."
The contract of insurance obligates the insurer as to property damage liability:

"COVERAGE BPROPERTY DAMAGE LIABILITY
"TO PAY on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident."
By stipulation of the parties to this suit it has been agreed that the roof job was completed on or about October 8, 1961, and, in no event later than November 1, 1961. On December 9, 1961, which was some two months after the installation of the new roof and more than a month after the effective date of the property damage rider, a part of the roof collapsed, causing damage to the building itself and to certain contents of the building. In order to prevent further damage the roof was immediately repaired, after which plaintiff rendered its bill to Baker Land Company for $1,147.35. Taylor was then informed by the Baker Land Company that it would not pay the repair bill, the latter taking the position that the roof collapsed because of the negligence of plaintiff and that it was simply repairing its own defective work. Taylor then found itself confronted by demand from Baker Land Company for additional damages to the building and to the contents which had been damaged by the roof collapse. Because of the pendency of the claim, Taylor called upon appellant insurer to defend it against the Baker claim. Replying to Taylor's request, the appellant denied any liability and refused to defend any threatened suit brought by Baker, the insurer taking the position that the loss had occurred prior to the date of its policy. Ultimately, a compromise agreement was reached between the Taylor Contracting & Supply Company and Baker Land Company, wherein each party forgave the other the claim which it had against the other. The effect of the compromise was to leave unpaid the bill of Taylor for $1,147.35. When the insurer further declined to pay this bill, the present suit was filed for the amount of the claim together with statutory penalties and attorney's fees under LSA-R.S. 22:658. After the appeal was lodged in this court the appellee answered, claiming its attorney's fees should be increased to $750.00, and, in the alternative, statutory penalties under the statute.
In the trial court the insurer first filed an exception of no cause or right of action *452 which was predicated primarily on the ground that the work which gave rise to the property damage complained of was done prior to the time plaintiff purchased property damage insurance. The exception was overruled and defendant filed its answer, in which it denied liability on four grounds, all of which appear to have been abandoned save as to the insurer's contention that the loss complained of occurred prior to the effective date of its policy.
In summarizing the salient facts, counsel for appellant correctly stated:
"There is no dispute about the fact that, at the time the work was done, Taylor Contracting Company had no property damage insurance covering their roofing operations; that after the work was done, Taylor Contracting purchased property damage insurance on all of their roofing operations and that, after they purchased such insurance, the roof collapsed causing damage to the contents of the building."
From the foregoing statement of facts a single question of law is presented to the court for determination and that is whether, within the meaning of the insurance contract, the time of installation of the roof or the time of its collapse is determinative of the liability of the insurer.
Counsel for Appellee has devoted a substantial portion of their brief to a recitation of authorities from text books and case decisions from other states. These indicate the majority view is that the time of the occurrence of an accident within the meaning of an indemnity policy is not the time the wrongful act was committed but the time the complaining party was actually damaged. Appellee's brief then continues with reference to numerous cases from the Louisiana jurisprudence, all of which deal with an issue of prescription arising under LSA-Civil Code Article 3537, which article, inter alia, provides:
"* * * And in the other cases from that on which the injurious words, disturbance or damage were sustained.
"And where land, timber or property has been injured, cut, damaged or destroyed from the date knowledge of such damage is received by the owner thereof."
With reference to the effects of these authorities upon this court, we must first point out that the Louisiana cases decided on behalf of appellee are inapposite, for they are governed by the terms of Article 3537, whereas in the instant case we are governed by the terms of the contract between the parties. With respect to the references gained from text books and courts of other states, they are advisory only and wherein they conflict with our own jurisprudence, we are obliged to follow the Louisiana authorities.
In the instant case the court is confronted with Louisiana cases, and in particular two cases decided by this court, which are, in our opinion, contrary to the principle advanced by counsel for the appellee. For these reasons we will not further discuss the many decisions referred to in appellee's brief.
Wolf v. LeVasseur-Hinson Construction Company, La.App., 147 So.2d 747 (2nd Cir. 1962); Kendrick v. Mason, 234 La. 271, 99 So.2d 108 (1958); King v. Mason, 234 La. 299, 99 So.2d 117 (1958); La.App., 95 So.2d 705 (2nd Cir., 1957), are cases which involve the same legal principle presented in this appeal. It will be observed that both the Wolfe and the King cases were decided by this court. The King and Kendrick cases arose under the same insurance contract and out of the same job.
In the Wolfe case there was a contract by the homeowner, Wolfe, with the defendant contracting company for the construction of a home, and after completion of the home and its occupancy by the Wolfe family, Wolfe purchased a broad form policy of fire and extended insurance covering the residence and premises. Within a month after he had occupied the house the floors began to buckle. When the contractor refused to make satisfactory repairs suit was *453 filed against the building contractor and also against plaintiff's insurer. The Wolfe case involved property damage and the single question raised by the insurer, as has been done in the instant case, was whether or not the damage occurred during the effective period of the policy. After noting that the evidence conclusively disclosed that the installation of the flooring was performed at a time when the material was either wet or imperfectly dried and that the resultant defects must be attributed to the contractor who performed this operation in an unworkmanlike manner, Judge Hardy, as the organ of this court, said:
"We next proceed to a consideration of the defense of non-coverage asserted by the defendant insurer. This issue appears to be res nova in this State, and, indeed, we have been unable to find any helpful jurisprudence from any other jurisdictions, nor have we been cited to any, which we regard as being appropriate, by learned counsel for this defendant, save certain extracts from text books, quoted in brief. Nonetheless, despite the paucity of authority, we are at a loss to understand upon what ground the insurer can be held liable under a policy covering the assumption of risks which did not become effective until a date subsequent to the actions which caused the damage.
"The Insurance Code of our State, as set forth in Title 22 of the Revised Statutes, in that part dealing with the Insurance Contract provides, in Section 624, that a policy of insurance shall specify the time at which the insurance thereunder takes effect.
"As we have above set forth in our statement of facts, the policy involved in this case specifically provided that the effective date was March 15, 1961. Under our factual conclusions, we have determined that the damages for which recovery is sought in plaintiff's action were due to causes which had their inception sometime prior to this date. In other words, although the actual damage did not become manifest until after the effective date of the policy, the cause thereof, the negligence of defendant contractor, was in existence prior to said date. In the absence of any agreement affecting the terms of an insurance policy, we are not aware of any theory upon which the liability of an insurer begins to run until the effective date of the policy as set forth therein. We do not think a conclusion on this point could properly be reached until after trial on the merits, and we, therefore, reject the contention that the peremptory exception should have been sustained. However, we are convinced that the judgment against the defendant insurer is erroneous." (147 So.2d 747, 749, 750)
Counsel for appellee, in their discussion of the Wolfe case, advises the court that if the original record in the Wolfe case should be re-examined it would be found that the policy of insurance involved in that case contained an exclusion clause which counsel on either side failed to present to the attention of the court, and it is suggested that this court re-examine that record, which is no longer among our records but has been returned to the trial court. Despite the citation of some authority, a final adjudication has been had by this court and no good purpose would be served by re-trying the Wolfe case. The decision in that case was predicated on the facts and record as presented to this court and we are either obliged to adhere to that decision or to decline to follow it. However, after comparing the Wolfe decision with that of the Supreme Court in Kendrick v. Mason and King v. Mason, we find these cases are in accord.
The King and Kendrick cases involve the question of whether or not an insurer would be liable for the acts of a contractor who had completed his work and moved off the job before the accidents occurred, notwithstanding the fact that the work performed *454 by him gave rise to the subsequent damage. The policies of insurance therein involved covered the operations of the contractor and contain no "completed operations" coverage. In the Kendrick case the Supreme Court said:
"The policy was issued to fully protect Mason against liability for acts of negligence committed by him during his performance of the contract. The tort which was the proximate cause of the damages sustained by plaintiff was in fact and in law committed during the performance of the construction contract. Both the accident and the injuries resulting therefrom were brought about not from the completed and accepted sewer system but from the direct result of the acts of negligence committed during its construction. The policy covering said accidents for which premiums were charged was then in full force and effect; and the conclusion is inescapable that the insurer is therefore liable in solido with its insured, Mason."
It is clear to this court that the King and Kendrick cases determine that the loss was caused by accident at the time the tort was committed and not the time when the damage was sustained or became manifest. In the Wolfe case the court held that the tort which gave rise to the property damage occurred at a time when the policy was not effective, and in the Kendrick and Mason cases the court held that the tort was committed during the effective period of the policy.
In the instant case Taylor insured himself against accidents arising from the performance of his work. If no such negligent work was performed by him, certainly he would not have become liable to the Baker Land Company. It is conclusively established that any tort arising out of Taylor's work occurred, and only could have occurred, prior to November 1, 1961, the effective date of the policy herein involved. Our decision must fall in line with the Wolfe, Kendrick and King cases, and, accordingly, the judgment from which appealed must be reversed.
Plaintiff's demands are rejected at its cost.
Reversed.
BOLIN, Judge (dissenting).
I agree with the majority opinion that Taylor Contracting Company purchased property damage liability insurance on their roofing operations which, by endorsement No. 25 attached to the principal Comprehensive General Liability Policy, became effective November 1, 1961. This date was approximately two weeks after completion of the Baker Land Company roof and about five weeks prior to the collapse thereof on December 9, 1961. However, I believe it pertinent to point out that the claim, which was compromised by Taylor Contracting Company, was predicated on losses sustained by a customer of Baker Land Company whose grain, stored in the building, was damaged by rain at the time of the collapse of the roof. Essentially, then, Taylor Contracting Company is in the position of the injured third party in the present suit as against the liability insurer.
It is likewise agreed that the sole issue presented is whether or not on December 9, 1961, the insurer became liable for property damage due to an "accident" resulting from roofing operations of the insured, which "accident" occurred after the effective date of the endorsement, although the generating cause of the collapse allegedly antedated the policy.
By the terms of the original policy dated August 1, 1961, the American Mutual Liability Insurance Company of Wakefield, Massachusetts, agreed under Coverage B:
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use *455 thereof, caused by accident." (Emphasis added)
Under policy section numbered IV, entitled Policy Period, Territory, it is stated:
"This policy applies only to accidents which occur during the policy period * * *". (Emphasis added)
By endorsement No. 5, Amendment of "caused by accident endorsement", Coverage B is amended to read:
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of tangible property, including resulting loss of use of such injured or destroyed property, caused unintentionally;
provided that as respects injury, sickness, disease, death or destruction resulting from continuous or repeated exposure to conditions over a period of days, weeks or months, such injury results during the policy period and provided further that all damage arising out of such exposure to substantially the same general conditions shall be considered as arising out of one accident or occurrence.

"Accident", wherever appearing in the policy, shall be deemed to include "occurrence." (Emphasis supplied)
Cited and relied on by both appellants, appellees and this court in the majority opinion are the three cases reviewed therein. It is the application of those cases to the present situation with which I disagree. We are here dealing with a comprehensive public liability policy which specifically provides for reimbursement to the insured for sums which the latter shall become legally obligated to pay as damages because of injury to or destruction of property caused by an accident; that the accident must occur during the policy period; that the policy became effective with respect to roofing operations on November 1, 1961 and the collapse (accident) occurred on December 9, 1961.
Inasmuch as the Wolfe case involved a completely different set of facts, i. e., bulging floors instead of collapsing roof, as well as a different type of policy, that is, fire and extended coverage rather than public liability, that decision is not controlling in the present situation.
Accident is defined in Webster's Dictionary as a mishap, calamity or catastrophe; it is defined in the policy to mean "occurrence". Nothing could be clearer than that the occurrence which gave rise to this suit was the collapse of the roof; that the collapse happened during the policy period covering all roofing operations and that it destroyed certain property belonging to a third person for which the insured became obligated to pay.
We have been cited to numerous authorities in support of the position and holding of the lower court to the effect that the accident or occurrence was on the date the roof collapsed and the actual damages occurred, insofar as the indemnifying insurer is concerned. As stated in 29 Am.Jur. Insurance, Section 323, Page 693:
"Clearly, an accident which, as to its nature, represents a risk covered by a policy of liability insurance is not covered if it occurs either before or after the period of coverage under the policy. Where the wrongful act which causes the accident or injury and the damage on which is based the cause of action of the affected party occur simultaneously or within a short time of each other, the determination whether or not the accident or injury occurred during the effectiveness of the liability insurance policy covering such accident or injury does not involve any legal problem peculiar to liability policies. However, where there is a lengthy interval between the two events, the determination of the time of the occurrence of the event insured against *456 may involve some difficulty, especially if the policy does not provide for such an eventuality. In the latter case the generally accepted rule is that the time of the occurrence of an accident within the meaning of an indemnity policy is not the time the wrongful act was committed but the time when the complaining party was actually damaged. Thus it has been held that an indemnity policy insuring against accidental injury occurring during the policy period does not protect against the claim for damages caused by landslide 2 years after the termination of the policy although the slide resulted from the grading and filling on a hillside at the time when the policy was in effect. Under the same principle it has been held that an accident which happened during the life of a contractor's public liability policy was covered by the policy even though the cause of the accident was the negligent installation of electric wires completed several months prior to the accident and before the effective date of the policy. The above general principle applies to all types of liability policies, such as contractor's liability policies, comprehensive personal liability policies, products liability policies, and professional liability policies." (Emphasis supplied)
In 44 C.J.S. Insurance § 332, Page 1271, we note the following language:
"* * * The fact that the negligence which caused the injury was in construction work done prior to the issuance of the policy, however, does not relieve insurer from liability where the accident happened during the period of the policy."
The illustration furnished us in appellee's brief clarifies the issue and points up the potential results which will occur should the position taken by the majority herein be carried to its ultimate conclusion:
"Suppose, I repair the steering wheel of my car and forget to replace an essential part of its apparatus, all at a time when I have no liability insurance. Then I procure insurance, and, later have an accident due to the faulty steering mechanism. Can the insurance company refuse to protect me under the contention the accident was caused by an act preceding the date of its policy? If so, there are gaping holes in liability protection which an individual feels confident he is obtaining. This example could be extended to any number of cases."
For the reasons asserted, I respectfully dissent.