205 So.2d 888 (1968)
Eudie HEBERT, Plaintiff-Appellee,
v.
Valmont PIERROTTI, Defendant-Appellant.
No. 2196.
Court of Appeal of Louisiana, Third Circuit.
January 11, 1968.
Donald Soileau, Mamou, for defendant-appellant.
Fusilier, Pucheu & Soileau, by A. Gaynor Soileau, Ville Platte, for plaintiff-appellee.
Before HOOD, CULPEPPER and LEAR, JJ.
HOOD, Judge.
Plaintiff, Eudie Hebert, sues to recover damages to a residence building which occurred while the building was being moved by defendant, Valmont Pierrotti, pursuant to an oral agreement between the parties. The defendant answered denying liability, and he reconvened for the price agreed upon by the parties for moving the house. Judgment was rendered by the trial court in favor of plaintiff, and defendant has appealed.
Plaintiff purchased a house from Herrance Vidrine on or about May 10, 1966, and shortly thereafter he engaged defendant, a house moving contractor, to move the building from its location on Vidrine's property to a site on plaintiff's own property about 400 feet away. The agreement between plaintiff and defendant was entered into orally, but there is a dispute as to when and where it was consummated and as to the conditions of that agreement.
*889 Defendant contends that the oral agreement was entered into by the parties while they were in defendant's home shortly after the house had been purchased by plaintiff. He stated that he informed plaintiff at that time that he could move the house on steel rollers for a consideration of $700.00 and if moved in that manner he would be responsible for damages to the house, or he could move the building by putting it on a truck for a charge of $350.00, but if this last mentioned method was used he would not be responsible for damages to the house. He testified that plaintiff elected to have it moved by truck at the lower price and to assume the risk of damage. Defendant also stated that plaintiff agreed to take all of the furniture out of the house before it was to be moved, to fix the road and fill in ditches along the route which was to be used in moving it, and to remove trees and fences which were in the way.
Plaintiff contends that the agreement was not entered into at defendant's home, but it was consummated a day or two later at the site of the house which was to be moved. He stated that defendant agreed to move the building for the sum of $350.00, that nothing was ever mentioned by defendant about using either steel rollers or a truck in carrying out the moving operation, and that defendant did not at any time suggest that he would move it for $700.00 with a guaranty against damages, or for $350.00 without such a guaranty. He also stated that he did not agree to take the furniture out of the building before it was moved, that he, in fact, did not own the furniture, and defendant specifically stated that "the furniture in the house does not matter at all." He testified that Vidrine, the seller of the house, agreed to remove a tree and a fence so the house could be moved, and that that was done, but that neither he nor Vidrine agreed to fix the road or fill in ditches along the route which was to be used.
The evidence shows that defendant moved the house by placing it on a truck and trailers, and that the building split open and was badly damaged when the truck was crossing a meandering ditch about 75 to 100 feet from the place where the house had been located originally. The ditch was about three feet wide and from one and one-half to three feet deep. Defendant had placed some blocks or timber in the ditch over which the truck and trailer wheels were to roll, but he stated that while crossing the ditch he turned his truck slightly to avoid a fence and that "that's what pulled me a little off my blocks," causing one part of a trailer to sink down into the ditch twisting and damaging the house.
The trial judge considered it unnecessary to determine whether defendant had guarantied the house against damage while it was being moved. He concluded that even in the absence of a specific agreement to that effect "under the jurisprudence he was to do it in a prudent manner," that defendant did not exercise the required degree of care, and that "he actually went over a ditch which could have been easily filled and it was at this point that the house actually was twisted and broken up." He found that the house was damaged to the extent of $1000.00, and after deducting the consideration which was to be paid to defendant for the moving operation he awarded plaintiff the sum of $650.00.
As a general rule, there is implied in every contract for work or services that the work will be performed in a skillful, careful, diligent and good workmanlike manner. LSA-C.C. arts. 1930 and 2769; Wolfe v. LeVasseur-Hinson Construction Company, 147 So.2d 747 (La.App.2d Cir. 1962); Hunter v. Mayfield, 106 So.2d 330 (La.App.2d Cir. 1958); Rotolo v. Stewart, 127 So.2d 24 (La.App. 1st Cir. 1961); Rathe v. Maher, 184 So.2d 256 (La.App. 1st Cir. 1966); 17A C.J.S. Contracts § 329, p. 292; 17 Am.Jur. 2d, Contracts Sec. 371, p. 814.
In the instant suit, even if we should assume that defendant did not guaranty that the house would be free from damages, he nevertheless was not relieved of the obligation implied by law of exercising reasonable care and of performing the services he *890 agreed to render in a good and workmanlike manner. The evidence shows that he had been in the house moving business since 1940, and that he was thoroughly familiar with the procedures and precautions which should be taken in moving houses of this type. We are convinced, as was the trial judge, that the house was damaged solely because defendant failed to exercise proper care in blocking or filling in the ditch so that the truck and trailer could keep the house level while it was being moved. We agree with the trial judge that defendant did not perform the services which he agreed to perform in a good and workmanlike manner, and that he thus is liable for the damages sustained by plaintiff as a result of this lack of care.
The evidence shows that considerable damage was done to the house because of defendant's failure to perform his work properly. The house was split open from the roof to the floor, making it necessary to replace a part of the roof. Most of the sheetrock walls were cracked, a valley in the roof was torn, some windows were broken, several doors and windows were twisted out of line so they would not open or close, some of the outside asbestos siding was broken and had to be replaced, and the corners in two rooms would not line up or fit properly after the moving.
An expert called by plaintiff felt that the house had a value of $2500.00 before it was moved, and a value of only $700.00 after it was damaged. Plaintiff argues that the difference between these two figures, or $1800.00, represents the damages he sustained. The trial judge, considering the fact that the expert had not seen the house for several years before it was damaged concluded that it had been damaged only to the extent of $1000.00. As we have already pointed out, after allowing a credit of $350.00, being the agreed cost of moving the house, the trial judge rendered judgment awarding plaintiff the difference of $650.00.
We agree with defendant that the evidence does not establish with accuracy the amount of damages which were sustained by plaintiff. Where damages cannot be accurately measured or proved, however, the trial judge is vested with considerable discretion in the assessment thereof as may be warranted by the facts and circumstances of each particular case. An award made under such circumstances will not be disturbed unless it appears that the trial court has abused its discretion in fixing the amount of the award. Nickens v. McGehee, 184 So.2d 271 (La.App. 1st Cir.1966, Writ refused). We cannot say that the trial court has abused its discretion in fixing the award in this case.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.