SAMUEL, Judge.
Plaintiff filed this suit against the Jefferson Water Works, Parish of Jefferson and the Town of Waggamon (however, Waggamon apparently is unincorporated) for $15,167, the damages for personal injuries he allegedly sustained when he tripped and stumbled over a water meter while walking on Avondale Garden Road in Waggamon. The petition further alleges the “City of Waggamon and/or Jefferson Parish Water Works and Town of Wagga-mon erected said meter” and negligently caused the accident by failing to put signals or guards around the meter and by failing to take any safety measures to prevent pedestrians walking on the road from stumbling or falling over the meter which constituted a dangerous hazard.
The Parish of Jefferson filed an answer to the petition and a third-party demand against Fireman’s Fund Insurance Company. The third-party demand alleges the Parish was insured by Fireman’s under a public liability policy in full force and effect on the date of plaintiff’s alleged accident and that Fireman’s had refused to defend the action on behalf of the Parish. The prayer of the third-party demand is that Fireman’s be required to defend the suit on behalf of the Parish or, alternatively, that the Parish be awarded the sum of *148 $2,500 to reimburse it for the expense of such defense, and that Fireman’s be cast in judgment for any sum plaintiff may be awarded.
Fireman’s filed a motion for summary judgment seeking dismissal of the third-party demand on the ground that a policy endorsement excluded coverage of accidents occurring on streets or sidewalks of the Parish and Avondale Garden Road is a parish road or street. With its motion Fireman’s filed a copy of the insurance policy and other documents showing Avon-dale Garden Road is and was a parish road or street. In opposition to the motion the Parish filed an affidavit by its Director of the Department of Water stating there is not and never has been a water meter on Avondale Garden Road.
After a hearing on the motion the trial court rendered a summary judgment dismissing Fireman’s as a third-party defendant. The Parish has appealed from that judgment.
The policy in question affords coverage for bodily injury caused by accident. It contains an endorsement excluding coverage of an accident occurring oh a parish road and there is no question but that all of those portions of the original petition which are concerned with the place where the accident took place allege it happened on Avondale Garden Road. Nor is there any doubt about the fact Avondale Garden Road is a parish road. It is therefore clear that even though the petition alleges facts which, if proved, could establish liability on the part of the insured Parish, under those allegations there can be no liability on the part of the insurer, Fireman’s.
The policy also contains a condition providing no action shall lie against the insurer until the amount of the insured’s obligation to pay has been finally determined either by judgment against the insured or by written agreement of the insured, the claimant and the company. This condition, of course, does not prevent a direct action by an injured person against the insurer under the direct action statute, LSA-R.S. 22:655. But, prior to judgment and in the absence of the agreement stated in the condition, it does prevent the insured, in this case the Parish, from bringing an action against its insurer, Fireman’s seeking to have the latter cast in the event of judgment against the former. C. A. Collins & Son v. Pope Bros. Steam Cleaning Co., La.App., 155 So.2d 278.
Here by its third-party demand the Parish seeks only (1) that Fireman’s be required to defend the suit on behalf of the Parish or, alternatively, that the Parish be awarded the sum of $2,500 to reimburse it for the expense of such defense, and (2) that Fireman’s be cast in judgment for any sum plaintiff may be awarded. As the Parish at this time cannot bring an action against Fireman’s seeking to have that insurer cast in judgment as prayed, the sole issue here presented is whether or not Fireman’s must defend this suit for the Parish under the pertinent insuring agreements which read:
“With respect to such insurance as is afforded by this policy, the company shall:
(a) defend any suit against the insured alleging such injury, * * * and seeking damages on account thereof, even if such suit is groundless, false dr fraudulent; * *
The settled rule under our jurisprudence is that where the petition alleges facts which, if proved, would establish liability on the part of the insured but with respect to which liability the policy clearly provides no coverage, there is no duty on the insurer to defend the insured in the suit and, regardless of the outcome of the suit, the insured is not entitled to be reimbursed by the insurer for any expenses incurred in making his own defense. Alladin Oil Company v. Rayburn Well Service, Inc., La.App., 202 So.2d 477; Brady v. American Insurance Company, La.App., *149 198 So.2d 907; Rancatore v. Evans, La.App., 182 So.2d 102; Smith v. Insurance Co. of State of Pennsylvania, La.App., 161 So.2d 903; C. A. Collins & Son v. Pope Bros. Steam Cleaning Co., supra.
Citing and relying on Banes v. Prinz, La.App., 185 So.2d 50, appellant contends the above stated rule is inapplicable when, as here, the defendant insured disputes the pertinent allegations of the petition and brings in its insurer as a third-party defendant. We do not agree with the contention; nor do we feel the holding of the cited case is contrary to the conclusion reached in this case.
In Banes v. Prinz the plaintiff filed his suit against three defendants, Mr. and Mrs. Prinz and their personal liability insurer, the latter being sued under the direct action statute. The insurer filed a motion for summary judgment based on the fact that the policy excluded coverage where bodily injury was intentionally caused. The question before the court was whether the policy actually afforded coverage under the circumstances. The summary judgment sought would have released the insurer from any liability to the-plaintiff to the same extent as a judgment rendered after trial on the merits (LSA-C.C.P. Art. 968). The question of whether there was an obligation to defend the action for the insured was immaterial and is neither considered nor mentioned in the opinion. The only conclusion of the court was that there remained a genuine issue as to material fact as between the plaintiff and the defendant insurer, i. e., whether the alleged acts of Mrs. Prinz were intentional, which precluded the granting of the summary judgment insofar as the acts of Mrs. Prinz were concerned.
We are of the opinion that in determining the question of whether the insurer is obligated to defend the suit for its insured only the allegations made by the plaintiff may be considered. For, as pointed out by the trial judge in his reasons for judgment, insofar as defense of the suit is concerned if the insurer is not entitled to rely upon those allegations there would be no point in having an exclusion to a policy because the insurer would be required to defend any suit brought against its insured simply upon denial by the latter of those allegations of the plaintiff’s petition which result in the claim not being covered by the policy.
In the instant case, because we must look only to the petition which alleges facts clearly bringing the matter within provisions of the policy . excluding coverage, there is no genuine issue as to material fact and the insurer is entitled to the summary judgment rendered by the trial court.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.