230 So.2d 278 (1969)
AUDUBON COIN & STAMP CO., Plaintiff,
v.
ALFORD SAFE & LOCK CO. et al., Defendant; Third Party Plaintiff-Appellee,
v.
CASUALTY RECIPROCAL EXCHANGE, Third Party Defendant-Appellant.
No. 7711.
Court of Appeal of Louisiana, First Circuit.
July 2, 1969.
On Rehearing December 22, 1969.
*279 J. Elton Huckabay and Calvin E. Hardin, Baton Rouge, for appellant.
Robert W. Williams, Jr., and Lemuel C. Parker, Roy Maughan, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and BAILES, JJ.
BAILES, Judge.
This appeal is from judgment granting third party plaintiff, Alford Safe and Lock Company, Inc. (Alford), recovery of attorney fees from its liability insurer, third party defendant Casualty Reciprocal Exchange (Casualty), for failure of the insurer to defend a suit brought against its insured.
In March, 1964, a safe and a tear gas protective device was sold to Audubon by Alford. On November 7, 1965, the safe was burglarized but the tear gas was not released. Audubon brought suit against Alford and Casualty to recover its substantial losses. The petition contained the following pertinent allegation:
"That the negligence, dereliction, inattention and/or poor workmanship of agents and/or employees of Alford Safe and Lock Company, Inc. were the proximate causes of said loss in that approximately one year prior to the date of said robbery, Alford Safe and Lock Company, Inc. installed in the inside of the safe a protective device which was designed to flood the safe and room where the safe was located with tear gas if the safe was forced open and warranted that said protective device would prevent such a robbery as occurred."
Casualty denied coverage under the liability policies issued to Alford and refused to defend the Audubon suit. Alford, by third party action, sued Casualty to recover any amounts for which it might be found liable in the main demand and for attorney fees alleged to be due because of Casualty's refusal to defend the suit. A jury returned a verdict for Alford and, in accordance with a stipulation, the trial court decided the third party demand by awarding attorney fees to Alford against Casualty. Casualty appealed and Alford answered seeking an increase in the attorney fees awarded. The judgment is correct in substance, however, we do amend the judgment to increase the award to $1750.00.
Two liability insurance policies are brought to our attention in this matter, one covering the period during which Alford installed the protective device in the Audubon safe and the other the period during which the burglary took place. Each policy required the insurer to defend any suits, against the insured including those "groundless, false or fraudulent", with respect to such insurance as was afforded by the policy.
Failure to defend a suit as contemplated by a liability insurance policy renders the insurer liable for the expenses incurred by the insured in making his own defense. The obligation to defend is determined by comparison of the policy coverage and the allegations of the petition against the insured. Mitchell v. Jefferson Water Works, La.App., 210 So.2d 146.
Before proceeding to such a comparison however, we must determine which policy is applicable. Both policies limit their coverage to "* * * accidents which occur during the policy period * * *." The question therefore is whether the policy in effect at the time of installation of the protective device or the one effective at the time of its failure to work is determinative of the obligations of the insurer. The rule is now established that loss occurs upon the happening of the event giving rise thereto, that is at the time the tort is committed, and not when *280 the loss is discovered or becomes manifest. Taylor Contracting and Supply Company v. American Mutual Liability Insurance Company, La.App., 163 So.2d 450. The act alleged to be the proximate cause of Audubon's loss was committed during the installation of the protective device. Therefore, the policy in effect during that period is determinative of Casualty's obligation to defend the Audubon suit for its insured.
That policy provided the following liability coverage:
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the premises for the purposes stated in the declarations, or operations necessary or incidental thereto."
The declarations indicate that, among others, Alford's operations include those of a locksmith. Casualty's position is that Audubon's loss was not caused by accident.
In determining whether the loss was caused by accident the loss must be examined from the viewpoint of the person injured and if the injury was unforeseen, unexpected and extraordinary it must be held to have been caused by accident within the meaning of the policy term. Knight v. L. H. Bossier, Inc., La.App., 118 So.2d 700. The Audubon petition alleges that its loss was proximately caused by Alford's negligence in the installation of the tear gas device. Such omission must be considered unforeseeable, unexpected and extraordinary. Though loss by burglary was foreseeable on Audubon's part, being in fact the motive for procuring the safe and protective device from Alford, certainly Audubon cannot be said to have foreseen or expected that negligence on the part of Alford while installing the tear gas device would be a proximate cause of loss.
The Audubon petition made allegations which if proved would have placed the claim within the coverage of the policy. Though the petition intimates liability on the part of Alford in contract, it also includes allegations of loss by accident. This being the case, Alford was entitled to a defense by its insurer even though the claim proved groundless. In refusing to make this defense Casualty became liable for the expenses incurred by its insured in providing its own defense.
No expenses were proved by Alford. However, by stipulation, the trial court awarded $1,250.00 as attorney fees. Alford, in answer to this appeal, seeks an increase in this award for the time and effort expended in preparation for the appeal. We feel that an increase in the award to $1,750.00 is reasonable for the additional burden placed upon Alford's attorneys by the appeal.
The judgment is amended so as to increase the award for attorney fees from $1,250.00 to $1,750.00 in favor of Alford Safe and Lock Company, Inc., and against Casualty Reciprocal Exchange. In all other respects the judgment is affirmed. Appellant is cast for costs of the appeal.
Amended and affirmed.
LOTTINGER, Judge.

ON REHEARING
This matter is now before the Court on rehearing of that judgment originally rendered herein on July 2, 1969, wherein the judgment of the Lower Court was amended so as to increase the award for attorney fees from $1,250.00, to $1,750.00, in favor of Alford Safe & Lock Company, Inc., and against Casualty Reciprocal Exchange. The only reason this rehearing was granted was exclusively for the purpose of correcting *281 an error by this Court in increasing the said attorney fees.
Following the judgment by the Lower Court, no appeal nor answer to appeal was filed by Alford Safe and Lock Company, the third party plaintiff in the Lower Court. This is admitted by counsel for Alford. However, it claims that under the provisions of Article 21 of the Louisiana Civil Code such relief, i. e., an increase in the award for the attorney fees might be granted by this Court. Said Article 21 provides as follows:
"In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent." (Italics provided.)
Thus, we find that the equitable doctrine as to recovery in the State of Louisiana does apply when there is no express or positive law to determine the question. With regard to the question before us there is a specific statute set forth by Article 2133 of the Code of Civil Procedure, which provides as follows:
"An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record, whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him and of which he complains in his answer."
Furthermore, the jurisprudence of this State is well established to the effect that where a party to a proceeding has failed to appeal or answer the appeal the Court cannot revise the judgment for damages upward in favor of that party. Rader v. Rader, La.App., 126 So.2d 189, Charles Tolmas, Inc. v. Police Jury, 231 La. 1, 90 So.2d 65.
The award of the sum of $1,250.00 by the Lower Court was an item of damages in favor of Alford Safe and Lock Company, the defendant and third party plaintiff, and as such party has not appealed nor answered the appeal, this Court is without power to increase said award.
For the reasons hereinabove assigned, our original judgment rendered herein on July 2, 1969, is amended so as to reduce the said attorney fees from $1,750.00 to $1,250.00, in favor of Alford Safe and Lock Company, and against Casualty Reciprocal Exchange and, as amended, the said judgment is affirmed.
Judgment affirmed as amended.