SARTAIN, Judge.
In this suit the plaintiffs are three experts who seek payment from an attorney, Kenneth C. Scullin, for work performed on the latter’s behalf in preparation for litigation. From an adverse judgment in the district court, Scullin has appealed. We affirm.
We adopt with approval the following portions of the trial judge’s written reasons for judgment:
“The evidence in this case proves that plaintiffs were hired to do certain work of an expert nature to assist defendant, Kenneth C. Scullin, in the preparation and prosecution of a lawsuit in the United States District Court, Eastern District. The testimony of John Taylor and Joseph Raggio convinces the Court that they (and their firm of Taylor & Raggio) were to do most of the ‘leg’ work on the case and that they were to handle any motions and preliminary matters; and that Kenneth Scullin would advance whatever monies were needed for expert witness costs.
“The Court finds that Kenneth Scullin alone is liable for the payment of plaintiffs’ fees.
“Dr. John H. Green, Professor of Biology at Nichols State University, testified that he was required to spend time reading some of Dr. Ragan’s material in order to familiarize himself with the area of research; that he spent several days in *198 the university’s library; that he had to find and read several publications; that on two occasions he was required to do research in Baton Rouge at the L.S.U. library; and that it took him about one full day to prepare a rough report for Dr. Ragan. He also testified that all of this work consumed eight days.
“Prior to doing any work on the matter, Dr. Green had been told by Dr. Ra-gan that he (Ragan) was being paid at the rate of $125 per day. Dr. Green telephoned defendant, Scullin, and was told to begin work and let Dr. Ragan know the number of days worked. If it had been defendant’s intent to pay Dr. Green at a rate different from that being paid to Dr. Ragan, it was not discussed. The only conclusion that this Court can reach is that the rate of pay was intended to be the same for both Dr. Ragan and Dr. Green. Therefore, Dr. Green is entitled to a judgment against defendant, Kenneth C. Scullin, in the amount of ONE THOUSAND AND NO/lOO ($1,000.00) DOLLARS, with interest from date of demand.
“The evidence regarding the charges of Dr. Jimmy Gann, a professor of Micro-Biology at Nichols State University, is clear, convincing and not challenged. His judgment is in the amount of THREE HUNDRED AND NO/100 ($300.00) DOLLARS and is against the defendant, Kenneth C. Scullin.
“Dr. James Ragan, a professor at Nichols State University, testified at length regarding his arrangements with defendant and the time which he spent on the work. The evidence shows that Ragan was hired at the rate of $125 per day. The defendant maintains that the fee of Dr. Ragan was to be contingent on the outcome of the lawsuit in the United States District Court and that the fees of Drs. Green and Gann were to be on a cash basis. John Taylor testified that he was asked by Scullin to speak with Dr. Ragan regarding a contingency fee arrangement. Taylor stated he discussed the matter with Dr. Ragan and that Ragan declined. Raggio’s testimony on this point is essentially the same.
“Hence, the Court finds that Dr. Ragan did not enter into a contingent fee contract with defendant, Kenneth C. Scullin.
“Dr. Ragan’s testimony concerning his work and the time expended on it was quite lengthy and detailed. But, a careful study of that testimony reveals only a total of 36 days, not 41 as claimed by the witness. The Court is aware that Dr. Ragan may have done work which he has forgotten; however, from his testimony in Court, it appears that the total number of days worked amounted to 36, which multiplied by $125 equals FOUR THOUSAND FIVE HUNDRED AND NO/100 ($4,500.00) DOLLARS. This is the amount to which Dr. Ragan is entitled to judgment against defendant, Kenneth C. Scullin.
“Exhibit number 2 offered by defendant is a letter in which Dr. Ragan offers to accept the sum of $1,200.00 in compromise. It was simply an offer by Dr. Ragan to compromise his claim for less than he was due. It is of no importance to the case.
“All third party- actions are dismissed for the reasons contained above. Defendant, Kenneth C. Scullin, is cast for all costs.”
The only issue not directly addressed by the judge a quo is the averred liability of Scullin’s former law partner, Jack P. F. Gremillion, Jr. The record reflects that the lawsuit in connection with which the plaintiffs were engaged was filed on March 25, 1971, by Scullin as a member of the partnership of Scullin and Gremillion. By notarial act dated July 11, 1972, Scullin transferred to Gremillion all the rights, title and interest that he had in any litigation filed in the partnership name of Scullin and Gremil-lion. Scullin contends that the above acts prove that the fees herein sought by the plaintiffs are debts of the partnership and that Gremillion is liable for one-half of any amount for which he (Scullin) is held.
We note, however, the following facts: The experts were not hired until many *199 months after the association between Scul-lin and Gremillion was severed; there is no evidence whatsoever which indicates that Gremillion participated in any way in the suit from at least November of 1971 forward; prior to conveying his rights and interest in the partnership to Gremillion, Scullin had the clients in the particular suit with which we are concerned enter into retainer contracts with another attorney, Joseph R. Raggio. Even Scullin admitted that Gremillion had no interest in the subject lawsuit. These facts overwhelmingly refute any liability on the part of Gremil-lion or the partnership of Scullin and Grem-illion.
Lastly, Dr. Ragan urges that the trial judge erred in the computation of his award and that the same should be increased. This issue is not before us as he neither appealed nor answered Scullin’s appeal. C.C.P. art. 2133; Audubon Coin & Stamp Co. v. Alford Safe & Lock Co., 230 So.2d 278 (La.App. 1st Cir. 1969).
For the above reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.