391 So.2d 951 (1980)
Mrs. Bernadette Edwards, wife of/and Paul Henry WETMORE
v.
BLUERIDGE, INC., Maison Chatelain, Inc., and Nelson J. Chatelain.
No. 11383.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1980.
*952 Cabibi & Cabibi, Charles E. Cabibi, Jr., New Orleans, for plaintiffs-appellees.
Walter R. Fitzpatrick, Jr., New Orleans, for defendants-appellants.
Before REDMANN, GULOTTA and GARRISON, JJ.
GULOTTA, Judge.
In this suit by a homeowner against a builder for the cost of correcting defects in workmanship that caused the "bubbling" of a vinyl kitchen floor and the cracking and discoloration of a cement driveway, the trial judge awarded plaintiffs $1,900.00.[1]
Defendants, appealing, claim that the house was built in accordance with plans and specifications drawn for plaintiffs at their expense by an architect recommended by defendants; that the cost of repair to the defectively installed kitchen floor amounted to $15.00 and not $100.00 as awarded by the trial judge; and that plaintiffs failed to show defendants had not followed the plans and specifications provided to them or that the cracks in the driveway had resulted from either defective materials or "badness of workmanship." According to defendants, the damage to the concrete was caused by unforeseeable soil subsidence. We do not agree.
The trial judge in well considered and well articulated reasons for judgment stated:
"The plaintiffs contacted the defendants regarding the construction of a new home. Representatives of the defendants displayed various residential models to the plaintiffs and they eventually selected a style that suited their needs. The defendant's representative, then referred them to an architect, for the internal modification of the model home. Thereafter, the architect modified the plans, eventually stamped them in order to secure a building permit. The evidence reveals that the plans and specifications were not materially changed and thereafter the defendant submitted a construction price to the plaintiffs, which was accepted.
On August 19, 1977, the act of sale passed wherein plaintiffs acquired the property. However, approximately thirty days prior thereto, the plaintiffs began moving some effects into the residence. Shortly after their occupancy, they noticed that the vinyl flooring in the kitchen, "bubbled" on rainy or damp days. The extent of these bubbles, varied in size and shape. The defendant admits that the bubbling floor condition resulted from negligent workmanship of the floor installer, but disputes the amount necessary to repair this defect.
Shortly after this, the plaintiffs discovered a separation in the concrete driveway running vertically from the side of the garage entrance toward the street. Gradually thereafter other major fissures, fractures and cracks appeared throughout the driveway. Additionally, the driveway became discolored, [and] wavy and puddles of water collected on rainy days.
This Court concludes that the driveway was defective in either workmanship or materials at the time of its installation.
This Court further finds as a matter of fact, that the owner did not misuse or abuse the driveway at any time.
The defendants contend that this home was built in accordance with the plans and specifications prepared. Assuming this to be true, it does not excuse the *953 defendant from its obligation of warranty of materials and workmanship, from constructing the driveway in a proper workmanlike manner using materials that would not cause the defects hereinabove described.
The Louisiana Civil Code, Art. 2769, sets forth the duty of a contractor to execute the work contracted for in a proper manner. It is well settled in the jurisprudence that a contractor is bound to warrant his work and is responsible for damages occasioned by defective workmanship or installation. It is implied in every building contract that the work will be performed in a skillful, careful, diligent and good workmanlike manner. Rotolo vs. Stewart, 27 [127] So.2d 24 (La.App. 1st Cir. 1961); Herbert [Hebert] vs. Pierrot [Pierrotti], 205 So.2d 888 (La.App. 3rd Cir. 1968); Civil Code Art. 1930.
The Court awards $1,800.00, as stipulated between the parties, as the cost necessary to repair the driveway. Additionally, it awards $100.00 as reasonable cost to repair the kitchen vinyl floor."
We adopt as our own the opinion of the learned trial judge and affirm his judgment.
At the outset, we reject defendants' contention that the amount awarded for repair of the vinyl floor is excessive. Although defendants' foreman testified that the cost of repair would amount to approximately $15.00, testimony from persons who do flooring work and who inspected the property indicated that the repair would require four to eight hours work at $25.00 per hour. The trial judge awarded $100.00 as the cost of repair and we find no error in that award.
Although conceding its obligation to correct defects in the kitchen floor, the builder denies any liability for cracks in the cement driveway and cites Clark v. Whitener, 296 So.2d 393 (La.App. 4th Cir. 1974), writ refused 299 So.2d 795 (La.1974) for the proposition that it may not be held responsible even for major problems, since the work was performed in accordance with the plans and specifications furnished by the owner. The cited case, however, is distinguishable from our own. In Clark, all plans, specifications, and contracts were prepared by the owner's architect and the dispute was whether shortcomings in the construction related to the adequacy of the plans and specifications for which the contractor was not responsible. As noted by the trial judge in our case, the builder referred the owner to a particular architect for internal modification of a residential model displayed by the builder. Moreover, there was testimony that this architect did work for the builder and that the same type of driveway construction had been used in other homes built by the defendants in the area. Hence, even though plaintiff, not the builder, paid the architect, we cannot say under these circumstances that the mere construction of the home in accordance with the plans (which did not provide for reinforcement of the concrete driveway) entitles the builder to escape liability for the resultant defects. The language in the Clark decision simply does not apply to our case.
We also reject the argument that plaintiffs failed to carry their burden of proof. Although an owner seeking to hold a contractor liable for defects in the construction must show that the ruin was due to badness of workmanship or defective materials,[2] and must prove his case by a preponderance of the evidence,[3] plaintiffs in our case presented sufficient evidence to prove defendants' faulty workmanship in constructing the driveway. A civil engineer, whose experience to a large extent involved concrete construction, testified that the driveway was defective in not being supported either by pilings or by reinforced wire in the concrete. He indicated *954 also that sparse use of expansion and control joints was a cause or contributing factor resulting in the cracking. Although he acknowledged, as claimed by defendants, that soil settlement or subsidence was also a cause of the problem, he added that reinforcing wire or piling would have compensated for the soil subsidence. The discoloration of the concrete, according to this engineer, was caused by an improper mixture of cement or by adding too much water when the concrete was poured.
As pointed out by the trial judge in his reasons for judgment, it is implicit in every building contract that the work will be performed in a good, workmanlike manner, free from any defects in either materials or workmanship. Furthermore, a contractor is liable when he should have known by the exercise of proper judgment that the condition at the site, other than a latent defect of soil, should be corrected before proceeding with the work and he fails to advise the owner in time to permit an adjustment. He is considered as having expert knowledge of such things and must bring them to the attention of the owners who have no knowledge of such affairs. Wurst v. Pruyn, supra. In our case, there is evidence that plaintiffs' house sat on a higher elevation than his neighbors' houses and that fill had been placed on the construction site. Defendants' foreman acknowledged that subsidence of the fill could have caused cracks in the cement. Although defendants had constructed other homes in the area using unreinforced concrete and had encountered no problems with soil subsidence, they should have had knowledge of the unique nature of plaintiffs' homesite and the possible subsidence problem. Indeed, plaintiff himself during construction of the driveway mentioned the need for steel reinforcement in the slab and was told by the builder that strengthening material in the cement was not necessary. Under these circumstances, the builder cannot escape liability for defective construction resulting in the cracked and discolored cement by claiming that he was unaware of the soil condition.
Accordingly, we conclude, as did the trial judge, that the cost of repair resulted from faulty workmanship by defendant.[4] Having so concluded, we affirm the judgment.
AFFIRMED.
NOTES
[1] Although the suit is styled as a petition for reduction in purchase price, the residence had been purchased after completion and had been occupied by plaintiffs when the defects were discovered. The relief awarded by the trial judge amounted to the cost of repairs for the correction of the defective workmanship.
[2] Brasher v. City of Alexandria, 215 La. 887, 41 So.2d 819 (1949); Wurst v. Pruyn, 250 La. 1109, 202 So.2d 268 (1967).
[3] LSA-C.C. arts. 2762 and 2769. Joyner v. Aetna Casualty & Surety Company, 259 La. 660, 251 So.2d 166 (1971); A & M Pest Control Service, Inc. v. Fejta Construction Co., Inc., 338 So.2d 946 (La.App. 4th Cir. 1976).
[4] It was stipulated that the cost for replacement of the driveway amounted to $1,800.00.