YELVERTON, Judge.
This appeal involves a construction contract between Randy Perego, a contractor, and the Chaddicks, the homeowners. The contract called for Perego to renovate portions of an existing home and also to build an addition to it. The contract price was $7,500 with one-half paid by the Chaddicks at the beginning of the work and one-half to be paid upon completion. Perego began the project and was paid $3,750 as agreed. Before the job was completed, the Chad-dicks became dissatisfied with Perego’s performance and ordered Perego and his workmen off the site.
Perego sued the Chaddicks for the money remaining due on the contract. The Chaddicks reconvened demanding the cost to complete and repair the work begun by Perego, as well as damages for mental and emotional distress. After trial on the merits, judgment was rendered dismissing Per-ego’s main demand, and in the reconven-tional demand Chaddick was awarded $7,110. The Chaddicks’ claim for mental and emotional distress was denied. From this judgment Perego has appealed.
This appeal does not present any question of law. The law is clear that in construction contracts, the contractor is obligated to perform the work in a skillful, careful, diligent, and good workmanlike manner. Hebert v. Pierrotti, 205 So.2d 888 (La.App. 3rd Cir.1968) Should a contractor fail to fulfill this obligation, he becomes liable for damages suffered by the owner. La.C.C. arts. 2762 and 2769 provide for contractor liability when a building he has constructed is defective. Tiger Well Service, Inc. v. Kimball Production Company, 343 So.2d 1153 (La.App. 3rd Cir. 1977); Cell-O-Mar, Inc. v. Gros, 479 So.2d 386 (La.App. 1st Cir.1985), writs denied, 481 So.2d 1332, 1333 (La.1986).
Photographs of the work were introduced into evidence and several witnesses testified. Both sides presented expert testimony. The homeowners’ expert testified that the work by Perego was not acceptable, and explained that the cost to correct and complete the work would be $7,110. The trial judge found that Perego lacked the skill and training to accomplish the work he had agreed to do in the contract, and that the work done before he was ordered off the job was “very poor” and “in dire need of corrective work”. After evaluating the conflicting testimony, the trial court concluded that it would cost $7,110 to put the building in the condition it would have been in had the contract been properly performed. We are required to give great weight to a lower court’s finding of fact, and when conflicting testimony is presented, reasonable valuations of credibility and reasonable inferences of fact should not be disturbed. We can discern no error in these findings of fact.
Perego complains that the trial judge at least should have given him credit for the balance due under his contract. We agree. Because of some change orders, the balance due when Perego was ordered to stop performance was $3,485 (reducing the total contract from $7,500 to $7,235). No part of the trial court’s award of $7,111 on the reconventional demand was designated as damages for delay in performance, damages for mental and emotional distress, or any other damage. The only damage even claimed besides the amount to correct and complete the job was damages for mental and emotional distress, and the trial court in its reasons for judgment specifically rejected the reconventional demand for these damages. Therefore, the only purpose of the ultimate award given by the trial court was to allow the homeowners to correct and complete the job. To require Perego to pay for both the corrective work and the completion of the contract, means that the Chaddicks would get a $7,235 job for only $3,750. If there has not been substantial performance (here there had not been substantial performance) the owner is entitled to recover only the cost incurred for the completion of the work which exceeds the original contract price. Perrodin v. Southern Siding Co., Inc., 524 So.2d 885 (La.App. 3rd Cir.1988). Perego should get credit for the $3,485 remaining due under the original contract, reducing his liability on the reconventional demand to $3,626.
*651 We amend the judgment on the recon-ventional demand in favor of the Chaddicks and against Randy Perego to read $3,626. In all other respects, the judgment appealed from is affirmed. Costs of this appeal will be born equally by the Chaddicks and Perego.
AMENDED AND AFFIRMED.