79 So.2d 305

## GENERAL FINANCE COMPANY OF LOUISIANA, Inc.

v.

## RIVERSIDE WAREHOUSE, Inc. and Employers' Liability Assurance Corporation.

No. 41720.

Feb. 14, 1955.

Rehearing Denied March 21, 1955.

Prowell, Viosca & Reuter, Robert R. Ramos, New Orleans, for plaintiff-appellant.

Miazza & Drury, James H. Drury, Hammett & Bertel, Ellis C. Irwin, New Orleans, for defendants-appellees.

FOURNET, Chief Justice.

The plaintiff, General Finance Company of Louisiana, as pledgee of Warehouse Receipt No. 3096 dated November 13, 1950 (issued to Horace L. Brignac by the defendant, Riverside Warehouses, Inc.), to secure the payment of a loan made by the plaintiff to Brignac on November 14, 1950, and having subsequently acquired the warehouse receipt, instituted suit against the defendant and its liability insurer, the Employers' Liability Assurance Corporation, Ltd., to recover the sum of $3,913, because of failure of the defendant to deliver, on demand and thereafter, the "Two Hundred Eighty-nine Ctns. Wet Pack Shrimp" covered by the said negotiable warehouse receipt; in answer the defendant filed general denials; and from a judgment dismissing the plaintiff's suit it has appealed.

The record reveals that Horace L. Brignac, whose business was the canning of shrimp and oysters under the name Brignac Canning Co., from time to time between 1949 and 1951 stored with the defendant warehouse thousands of sealed cardboard cartons labeled shrimp and oysters, and received negotiable warehouse receipts, many of which were in turn used by Brignac as collateral to secure loans from the plaintiff. The cartons covered by the receipt in this case each contained 48 cans, as indicated by the number 48 stamped on the outside; commercial labels attached to each carton bore the name Brignac Canning Co. as distributor, flanked on either side by large photographs of shrimp under the caption "Brignac Brand Shrimp," with the words "Wet Pack" and "Drained Weight 5 ounces" printed thereon. As a result of investigations made in early 1951 the merchandise stored by Brignac came under suspicion; a complete investigation followed, disclosing that the contents of the cartons covered by Warehouse Receipt No. 3096 were sealed cans of water, not shrimp. Brignac admitted his fraud and has been subjected to prosecution.

The plaintiff, claiming as a holder for value in good faith in the usual course of business, contends that when call was made on the warehouse it was obliged to deliver the exact merchandise called for by the receipt; and that the burden of proof for non-delivery is on the warehouseman.

The defendant warehouse, on the other hand, claims that it is not liable for dam-

ages caused by the failure of the merchandise to correspond with the description in the receipt because the goods were described thereon by a statement of marks and labels, and the case therefore falls within the exception set out in Section 20 of the Uniform Warehouse Receipts Act, LSA–R.S. 54:20; the defendant further denies liability because the receipt contains the clause, appearing in a printed statement under description of merchandise, "Weight, contents and quantity unknown," which (it claims) constitutes the insertion of terms and conditions by the warehouseman as permitted by Section 3 of the Uniform Warehouse Receipts Act, LSA–R.S. 54:3.

Under the express provisions of LSA–R.S. 54:20, Section 20 of the Uniform Warehouse Receipts Act, 3 Uniform Laws Annotated, "A warehouseman shall be liable to the holder of a receipt, issued by him or on his behalf by an agent or employee, * * * for damages caused by the non-existence of the goods or by the failure of the goods to correspond with the description thereof in the receipt at the time of its issue. If, however, the goods are described in a receipt merely by a statement of marks or labels upon them or upon packages containing them, or by a statement * * * that the packages containing the goods are said to contain goods of a certain kind, or by words of like purport, such statements, if true, shall not make liable the warehouseman issuing the receipt, although the goods are not of the kind which the marks or labels upon them indicate, or of the kind they were said to be by the depositor."

While we do not think that the defendant warehouse could absolve itself from liability by the mere insertion in the receipt of the printed clause "Weight, contents and quantity unknown," we do think, from an examination of the receipt under consideration, that it substantially complied with the provisions of LSA–R.S. 54:20.[1] Under the columns "Marks," "Amounts," and "Description of Merchandise," appear three separate entries showing, respectively, "00/48–5 Oz. Large Wet Pack Shrimp, (52), Fifty-two Ctns.," "00/48–5 Oz. Small Wet Pack Shrimp, (87), Eighty-seven Ctns.," "00/48–5 Oz. Small Wet Pack Shrimp, (150), One Hundred Fifty Ctns.," with total shown "(289) Two Hundred Eighty-nine Ctns. Wet Pack Shrimp." The cartons were sealed and the cans contained in them were sealed, so that even if the warehouseman had assured itself of the contents of the cartons, as the plaintiff argues it should have done (without citing any pertinent authority in support), the fraud would not have been revealed. See Dean v. Driggs, 137 N.Y. 274, 33 N.E. 326, 19 L.R.A. 302.

---

1. The plaintiff's argument that "marks" mean trade marks or symbols such as "XY" and do not mean the number of cans or the weight of the contents, is totally without merit.

A further argument made by the plaintiff that the defendant was negligent in issuing a receipt to Brignac Canning Co. without assuring itself of Brignac's standing by securing a financial report is equally applicable to the plaintiff's dealings with Brignac; the record reveals that both companies did business with him over a period of years. There is no charge that the merchandise was accepted for storage in other than good faith and the belief that the contents were as indicated by the marks and labels.

For the reasons assigned, the judgment appealed from is affirmed.