REGAN, Judge.-
The plaintiff, General Finance Company of Louisiana, Inc., as pledgee of negotiable Warehouse Receipt No. 2827, dated September 23,-1949, issued to Horace L.'Brig-nac (conducting his business under the trade name of Brignac Canning Company) by Riverside Warehouses, Inc., to secure the payment of a loan made by the plaintiff to Brignac on September 26, 1949, instituted this suit, against, the defendants, Riverside Warehouses, Inc., and its surety, American Motorists Insurance Company, endeavoring to recover the sum of $1,800-44, predicated upon the failure of the warehouse to deliver, on demand, “one Hundred Twenty-Eight Ctns. Shrimp” ' covered by, the warehouse receipt.
The defendants pleaded the exceptions of “vagueness” and “no caus.e or right of action” which were referred to, the merits and then answered generally denying the allegations of plaintiff’s petition.
From a judgment in favor of defendants dismissing plaintiff’s suit, it has prosecuted this appeal.
' The record reveals that when the plaintiff made demand upon the defendant,- Riverside Warehouses, Inc., on May 18, 1951, deliver the cartons of shrimp described in the warehouse receipt, the defendant failed to make delivery thereof for. the reason that an investigation disclosed that the contents of the cartons were sealed cans of water and not shrimp. Subsequently Brig-nac admitted perpetrating this fraud and has been subjected to' prosecution and imprisonment, so'we were informed in oral argument.
The face óf the receipt is delineated by three columns' respectively -headed by the words “Marks”, “Amounts” and “Description of Merchandise.” Appearing thereunder are two separate entries which read “48/5 oz, small wet shrimp (57) .Fifty 7 ctns.”, “48/5 oz medium wet shrimp (71) Seventy One ctns” with total shown “(128)” “One-Twenty-Eight ctns. Shrimp.”
Plaintiff, asserting its claim as the holder of the warehouse receipt for value, in good: faith, and in the usual course of business, contends that when demand was made upon the warehouse it was obligated to deliver the exact ‘ merchandise designated'by the receipt; and that the burden of proof for non-delivery rests upon the warehouseman.
' . The defendant warehouse, in opposition to the foregoing contention,' insists that it is, not liable for' damages resulting from 'Brignac’s fraud, i. e. the failure of the merchandise to correspond with 'the description in the receipt for the reason that the goods were described therein by a statement of marks and labels, and the case, *70 therefore, falls within the exception set forth in Section 20 of the Uniform Warehouse Receipt Act, LSA-R.S. 54:20, which reads “ * * * If, however, the goods are described in a receipt merely by a statement of marks or labels upon them or upon packages containing them, or by a statement * * * that the packages containing the goods are said to contain goods of a certain kind, or by words of like purport, such statements, if true, shall not make liable the warehouseman issuing the receipt, although the goods are not of the kind which the marks or labels upon them indicate, or of the kind they were said to be by the depositor.”
This is one of two identical suits instituted by the plaintiff, General Finance Company of Louisiana, Inc., against the defendant, Riverside Warehouses, Inc., and its surety. A motion to consolidate these cases, in order to facilitate and expedite the trial thereof in the lower court, was filed by the plaintiff who admitted therein that the facts, issues and parties were identical. The only distinguishing characteristics being the number of the warehouse receipt, the monetary amount and number of cartons involved and the name of defendant’s surety.
The appeal in the other case was prosecuted to the Supreme Court and judgment was rendered therein prior to the trial of this case here. It is entitled, General Finance Co. of Louisiana, Inc., v. Riverside Warehouse, Inc., and Employers’ Liability Assur. Corp., 1955, 227 La. 270, 79 So.2d 305.
In that case the court, in affirming the judgment of the lower court dismissing plaintiff’s suit, expressed the opinion that the receipt substantially complied with the provisions of LSA-R.S. 54:20, where both the cans and the cartons in which they were contained were sealed and the warehouse receipt embodied description on commercial labels attached to cartons, warehouseman was not liable to the holder of the receipt when the contents of the cans were revealed to be water rather than shrimp.
It is our opinion that the ratio decedendi of that case fully encompasses the issues posed for our consideration in this case.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
McBRIDE, J., recused, takes no part.