McBRIDE, Judge.
Defendant’s appeal from an adverse judgment is before us by virtue of the appeal being transferred to this court by the Supreme Court under the 1960 amendment of Art. VII, § 30, Const.1921, L.S.A.
On November 3, 1945, Riverside Warehouses, Inc., made application for and was granted by the Louisiana State Warehouse Commission a farmers’ warehouse license. On November 1, 1948, appellant secured in connection with its said license a farmers’ warehouse bond issued by the American Motorists Insurance Company in the amount of $25,000, for a two-year term. On or about November 1, 1950, appellant applied to appellee, The Employers’ Liability Assurance Corp., Ltd., for a warehouse bond and furnished to the representative of The Employers’ Liability Assurance Corp., Ltd., the American Motorists Insurance Company bond in order to demonstrate the type of bond it required. The Employers’ Liability Assurance Corp., Ltd. issued a farmers’ warehouse bond pursuant to the application for the term November 1, 1950 to November 1, 1952, in the amount of $25,-000, for a premium of $250.
In 1954 a concern called General Finance Company of Louisiana, Inc., filed suit against Riverside Warehouses, Inc., for $3,-913, said plaintiff alleging it was the holder and owner of a negotiable warehouse receipt issued by Riverside Warehouses, Inc., calling for certain merchandise which the defendant was unable to deliver in accordance with the negotiable receipt. The Employers’ Liability Assurance Corp., Ltd., as surety, was impleaded as a defendant in solido with Riverside Warehouses, Inc. The litigation terminated favorably to both defendants. See 227 La. 270, 79 So.2d 305.
The Employers’ Liability Assurance Corp., Ltd., incurred in connection with its defense to the above-mentioned suit filed by the General Finance Company of Louisiana, Inc., the sum of $2,231.26, consisting of court costs, photostats and photographs, investigation services, briefs, and attor *187 ney’s fees, and it now seeks by the instant suit to recover said amount from Riverside Warehouses, Inc., under an agreement of indemnity executed by the latter which is contained in the application which Riverside Warehouses, Inc., made to The Employers’ Liability Assurance Corp., Ltd., for the $25,000 bond issued on November 1, 1950, which indemnity agreement binds defendant among other things:
“ * * * to indemnify the Company against all loss, liability, costs, damages, attorneys’ fees and expenses whatever, which the Company may sustain or incur by reason of executing said bond, in making any investigation on account thereof, in prosecuting or defending any action which may be brought in connection therewith *
After trial on the merits, the defendant was cast in judgment for the amount prayed for and took the appeal which we now have under consideration.
The first defense raised is that plaintiff did not issue a proper bond resulting in the circumstance that no protection was ever afforded to defendant under the bond. In support of this defense defendant argues that it has always been a public warehouse and never a farmers’ warehouse and that when it applied for the bond it was under the mistaken belief that a general ware-housemen’s bond would be forthcoming, giving it the necessary protection and fulfilling the requirements of the law pertaining to general warehousemen.
Let us say at the outset that it is obvious that no type of “warehouse bond” would have protected defendant in view of the indemnity agreement contained in the application, for the reason defendant obligated itself to indemnify the surety for all loss, etc., sustained by or accruing to it as a consequence of the issuance of the bond. It appears defendant desired the bond not for “protection” but for the purpose of qualifying in accordance with law to conduct its business.
But be that as it may, defendant is mistaken in its claim that it had never been a licensed farmers’ warehouse under the provisions of Act 218 of 1940 (now LSA-R.S. 54:241 et seq.). The evidence shows that on November 3, 1945, the director of the State Warehouse Commission approved defendant’s application to operate a state regulated farmers’ warehouse under the provisions of said act and undoubtedly a license was issued accordingly.
Defendant as a predicate for conducting business as a state regulated farmers’ warehouse secured from American Motorists Insurance Company on November 1, 1948, a bond in the sum of $25,000 as required by the act, the termination being November 1, 1950.
Upon expiration of the American Motorists Insurance Company bond, defendant then made application to plaintiff, The Employers’ Liability Assurance Corp., Ltd., for a $25,000 “warehouse bond,” and the evidence is clear that when it submitted such application, its Secretary-Treasurer furnished to the local office of The Employers’ Liability Assurance Corp., Ltd., to be used as a form or guide for the issuance of the bond applied for, the expired bond of American Motorists Insurance Company. The Employers’ Liability Assurance Corp., Ltd., issued to defendant as “warehouseman of farm produce” an identical bond as had been secured by defendant from American Motorists Insurance Company, said bond being in the amount of $25,000 and stipulating a term from November 1, 1950, to November 1, 1952, and conditioned thus:
“Now, Therefore, the Condition of This Obligation Is Such, that if the Principal shall honestly conduct said business, faithfully perform all duties and obligations to all parties doing business with said Principal as a warehouseman, and shall pay all monies or accounts owed by Riverside Warehouses, Inc. to the State Warehouse Commission, any person, firm, exchange, corporation or association whatsoever *188 arising out of their conduct of such business of a warehouseman in farm produce, and otherwise conducts their said business in accordance with the provisions of Act 218 of 1940, and the regulations issued thereunder then this obligation shall be null and void, otherwise to remain in full force and effect.”
From the evidence as above outlined, it is quite apparent that the “wrong bond” was not issued to defendant. The surety bond which defendant received was the exact kind of bond it had applied for and if there was error in connection with its issuance, such must be laid at the door of defendant which was meticulous in making known to The Employers’ Liability Assurance Corp., Ltd., the type of bond it desired, which fact is eloquently attested to by its having furnished the assurance corporation with the expired bond of American Motorists Insurance Company with instructions to use the same as a guide or form for the issuance of the newly-requested bond.
The second defense it that the attorneys for The Employers’ Liability Assurance Corp., Ltd., did nothing to defend the Riverside Warehouses, Inc., or to espouse its cause in the suit of General Finance Company of Louisiana, Inc., and, moreover, all The Employers’ Liability Assurance Corp., Ltd., did in said suit was to defend itself by denying liability predicated on the contention the farmers’ warehouse bond it had issued did not cover the loss allegedly sustained by the General Finance Company of Louisiana, Inc.
We have carefully read the provisions of the farmers’ warehouse bond in question and nowhere in it do we find any provision obligating the surety to come to the defense of the principal when a suit is filed against the principal for any loss which may or may not be covered by the bond. All the surety undertook to do under the specific provisions of the bond was to be responsible if the principal should not honestly conduct the business of a warehouseman in farm produce and pay all moneys or accounts owed by the principal arising out of the principal’s conduct of such business.
The suit of General Finance Company of Louisiana, Inc., was filed against The Employers’ Liability Assurance Corp., Ltd., by reason of its having executed said bond, and it makes no difference that the money now claimed by tire surety from Riverside Warehouses, Inc., was expended solely and only in the surety’s defense of the action against it on said bond. The amount expended in making its own defense in said lawsuit enured to the benefit of Riverside Warehouses, Inc., as it is perfectly obvious that if The Employers’ Liability Assurance Corp., Ltd., had been cast in judgment, Riverside Warehouses, Inc., under the above-quoted terms of its indemnifying agreement, would have been liable unto its surety for the amount of the judgment.
How could the alleged claim of General Finance Company of Louisiana, Inc., against The Employers’ Liability Assurance Corp., Ltd., arise except from the fact of the latter’s having executed said surety bond? Under the unambiguous language of the indemnifying agreement, defendant is liable for the amount of the expenditures of the surety.
Both parties have cited several cases decided by the courts of this state and other jurisdictions, plaintiff particularly relying on Conway v. Union Indemnity Co., 185 La. 240, 169 So. 73, but we deem all of them inapposite for the reason the factual situation in none is analogous to' that found in the present instance.
Defendant’s reconventional demand in which it prayed for a judgment for $250-which it claimed it paid plaintiff as a premium for the “wrong bond,” was properly rejected.
However, in argument defendant maintains its reconventional demand is broad enough to warrant a judgment *189 against the plaintiff for the amount of the unpaid unearned premium which is due defendant by virtue of plaintiff having can-celled the surety bond on August 6, 1951, prior to the expiration date. We think defendant, on his prayer for equitable and general relief, should be allowed the unearned premium, which, according to our calculation, amounts to $150.98, as an offset pro tanto against plaintiff’s claim. Plaintiff’s counsel register no complaint to such allowance.
For the reasons above set forth, the judgment appealed from is amended so as to reduce the amount thereof to $2,0.80.28, and as thus amended and in all other respects the judgment is affirmed. Plaintiff-appellee is cast for the costs of this appeal.
Amended and affirmed.