GULOTTA, Judge.
This is an appeal from a judgment on an open account in favor of plaintiff, Rapides Packing Company, Inc., and against the defendant, Viking Packing Company, Inc., in the sum of $20,970.55 with legal interest thereon from September 30, 1969, until paid and for all costs of these proceedings.
*726 Rapides Packing Company filed a suit alleging that the defendant purchased 62 truck loads of sides of beef between the months of January and August, 1969, and failed to pay any amount on account of said purchases to the plaintiff.
The defendant filed an answer containing a general denial. By a supplemental and amended answer, defendant asserted a reconventional demand alleging that it had received deliveries of meat from plaintiff packing company during the months in question and that an excessive amount of the meat was unusable because of the presence of hide and fecal matter on the meat and because of the bruised condition of the meat. Defendant packing company seeks a credit against any amount found due and owing to plaintiff.
After a trial on the merits, the court granted judgment awarding the plaintiff the amount of its demand and rejected the reconventional demand of defendant in its entirety. From that adverse judgment, defendant appeals.
The only question before us is whether the defendant is entitled to a credit or set off because of the presence of fecal matter, hide and bruises on the meat requiring excessive trimming and thus resulting in loss to the defendant.
As plaintiff is required to prove the allegations by a preponderance of evidence in the main demand, so it is incumbent upon the defendant to prove by a preponderance of evidence the allegations contained in the reconventional demand.
The trial court found in its reasons for judgment that while plaintiff carried the burden of proof successfully, the defendant, in his reconventional demand, failed to do so.
The defendant in attempting to show that the amount of trimming of the meat was excessive, thereby resulting in a loss for which he should be compensated, relies on the testimony of Julian Hillery, Secretary of the Viking Packing Company, Inc., and Ado Rogers, a meat inspector, employed by the Department of Agriculture of the State of Louisiana.
Hillery testified that the average side of beef weighs from 190 to 200 pounds and that he saw meat received at Viking from Rapides Packing that was bruised and had fecal matter and hide on it. As a result of the condition of the meat, three or four pounds were required to be trimmed from each side. He testified further that he did not do most of the trimming but that it was done by other people. Though he did talk to the attorney for Rapides Packing Company concerning the account, he, at no time, complained to him about the excessive amount of trimming required.
Ado Rogers stated that he was present when meat was received at Viking Packing Company from Rapides and that the meat needed trimming because of bruises and fecal matter; however, he also stated the amount of trimming necessary was not excessive. The normal amount of trimming, according to Mr. Rogers, is two or three pounds per side, and some sides require more trimming than others. He further testified that although one out of every three or four sides received from Rapides required trimming, this amount of trimming is standard and, thus, cannot be considered excessive.
A significant part of his testimony indicated that had Mr. Rogers determined that an excessive amount of trimming was required, he would have refused the entire load of meat, but that in fact he did not refuse to receive any loads from Rapides.
The evidence reflected further that the meat at plaintiff’s packing company was inspected by a state inspector, and that no meat was rejected by him; but, on the contrary, all meat received by Viking from Rapides carried an inspector’s stamp on it, indicating that it had been inspected, was 'acceptable and thus had not been rejected.
The trial court stated in its reasons for judgment that the alleged quanti *727 ty of damage to the sides of beef was speculative and conjectural and further that the amount of trimming required, if any, was not abnormal or excessive. In the absence of a finding that the trial court committed manifest error, the judgment of the court must be affirmed. Gulling v. E. I. DuPont de Nemours, 228 So.2d 750 (La.App. 4th Cir. 1969).
The matter before us is purely a factual one, and it requires for reversal that there be a finding that the judge committed manifest error. Since we do not find that to be the situation here, the judgment of the trial court is affirmed.
Affirmed.