317 So.2d 632 (1975)
FIREMAN'S FUND INSURANCE COMPANY
v.
W. H. MYRICK et al.
No. 10307.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
Rehearing Denied August 26, 1975.
*634 E. Drew McKinnis, McKinnis & Juban, Baton Rouge, for defendants and third party plaintiff-appellant.
Charles W. Franklin, Franklin, Moore & Walsh, Baton Rouge, for plaintiff-appellee.
J. Walter Ward, Jr., Christovich & Kearney, New Orleans, for third party defendant-appellee Highlands Ins. Co.
Before SARTAIN, ELLIS and BARNETTE, JJ.
BARNETTE, Judge.
The plaintiff, appellee, Fireman's Fund Insurance Company (Fireman's) filed this suit against W. H. Myrick, Helen M. Myrick and Myrick Construction Co., (Myricks) for the recovery of attorney's fees incurred in the defense of certain actions brought against Myricks and Fireman's. A third party action was brought by Myricks against Highlands Insurance Company for indemnification of any amount for which they might be cast in judgment to Fireman's.
*635 Judgment was rendered in favor of Fireman's against W. H. Myrick Construction Company and W. H. Myrick and Helen M. Myrick in solido in the principal sum of $1,399.22. The third party demand against Highlands was denied and dismissed.
From these adverse judgments the Myricks have appealed.
A statement of the case, the pertinent facts and the issues are well set forth in the trial judge's written reasons for judgment which we copy in full as follows:

"WRITTEN REASONS FOR JUDGMENT
"This is a suit seeking to recover attorney's fees incurred by the plaintiff, Fireman's Fund Insurance Company (referred to hereafter as `Fireman's'), due to the failure of its indemnitors, W. H. Myrick Construction Company, W. H. Myrick, and Helen M. Myrick (referred to hereafter collectively as `Myricks'), to comply with certain obligations owed under a general indemnity agreement. The defendants filed a third party demand against Highlands Insurance Company (referred to hereafter as `Highlands').
"The facts are essentially as follows: Myrick Construction Company, Inc. was the general contractor for the construction of the Community Coffee Company manufacturing plant in Port Allen, Louisiana. Fireman's issued a surety bond in behalf of Myrick Construction Company in the amount of $1,278,000.00, covering the project. Pursuant to a separate indemnity agreement, Myricks agreed to indemnify Fireman's for any loss, costs, damages, attorney's fees, and other expenses in connection with the execution of the bond.
"In connection with the Community Coffee project, two suits were filed against the Contractor, W. H. Myrick Construction Company, and against Fireman's on their bond. Other liens were filed against the project.
"Fireman's contacted the Myricks in an attempt to get them to defend the suits and to provide Fireman's with information relative to the validity of the claims and the ability of the Myricks to pay the claims. The Myricks refused to do this for some time and Fireman's retained their own attorney. Eventually, the Myricks retained counsel to defend both parties. The suits were later settled and the claims paid.
"Highlands, who had bonded a subcontractor, Cliff Hughes Company of Louisiana, Inc., settled the suit filed by Evans Electric Company and the Myricks settled the other suit and paid off the liens. Fireman's filed this suit seeking recovery of the sums expended for an attorney to represent them in the two suits. The Myricks, as third party plaintiffs, filed a third party demand against Highlands, alleging that any liability which they might have was a result of Highlands' failure to timely pay the claims of the supplier.
"The deposition of John Carruth was submitted by the plaintiff and marked for identification as Fireman's Fund18. Mr. Carruth was not present and defendants objected to introduction of the deposition on the ground that it was hearsay. The Court withheld ruling on the admissibility and now wishes to do so. Mr. Carruth was in Texas and unable to attend the trial due to illness. Notice to take the deposition of Mr. Carruth (Fireman's Fund19) was served on opposing counsel by the plaintiff on December 19, 1973. No objection was made to the notice until the attempted introduction of the deposition.
"LSA-C.C.P. Art. 1428 provides that the deposition of a witness may be used for any purpose if the witness resides more than 100 miles from the place of the trial or if the witness is unable to attend due to sickness or infirmity. Mr. Carruth resides in Dallas, Texas. Also, he was unable to attend the trial due to illness. Thus, under LSA-C.C.P. Art. 1428, his deposition may be used for any purpose. Argument was made on behalf of the defendants that they *636 could not attend the taking of the deposition because the cost of going to Dallas was prohibitive in relation to the amount of the principal demand. As previously stated, defendants had notice on December 19, 1973, that the deposition was to be taken. Under the provisions of LSA-C.C.P. Art. 1452, defendants could have moved for a protective order limiting the taking of the deposition upon a showing of good cause. Defendants failed to seasonably make the aforementioned motion. Thus it appears that the deposition is admissible under the provisions of LSA-C.C.P. Art. 1428 and defendants by failing to seasonably move for a protective order under the provisions of LSA-C.C.P. Art. 1452, are precluded from now asserting undue hardship in attending the taking of the deposition.
"Mr. Carruth is Secretary of Fidelity and Surety Claims for the plaintiff. His deposition shows that claims were made on the Community Coffee project for which Fireman's was the surety. These claims were made by laborers and suppliers of materials. In order to ascertain whether the claims were valid, Fireman's sought information from the defendants relative to the status of the claims and the ability of the Myricks to pay the claims. The Myricks refused to provide the information. Fireman's was therefore required to retain an attorney in order to protect itself. Subsequently, a suit was filed by Evans Electrical Company, a supplier of Hughes-Walsh Company (later known as Cliff Hughes Company of Louisiana, Inc.), a subcontractor on the Community Coffee Project. Plaintiff then requested that the Myricks defend it as well as Myrick Construction Company in the suit. This request was refused and plaintiff was required to retain an attorney to prepare pleadings and engage in negotiations.
"Fireman's was subsequently notified by Mr. George Womack that on behalf of the Myricks, he would defend Fireman's in the suit.
"Thereafter, liens were filed on the project by other materialmen and another suit was filed by American Sprinkler Company against W. H. Myrick Construction Company and Fireman's for materials purchased for the job. The Myricks eventually settled the claim, but Fireman's hired an attorney to file motions in the case.
"The general indemnity agreement (Fireman's Fund8) was introduced by plaintiff. The agreement named W. H. Myrick Construction Company, W. H. Myrick, individually, and Helen M. Myrick, individually, as indemnitors. The agreement was signed by Mr. and Mrs. Myrick in their individual capacities and by Mr. Myrick as agent for Myrick Construction Company. The agreement contained the following clause:
`The indemnitors will indemnify the Surety against any and all liability, loss, damages, fees of attorneys and other expenses which the Surety may sustain or incur by reason of, or in consequence of the execution of such bonds and any renewal, continuation or successor thereof, including but not limited to, sums paid or liabilities incurred in settlement of, and expenses paid or incurred in connection with claims, suits, or judgments under such bonds, expenses paid or incurred in enforcing the terms hereof, in procuring or attempting to procure release from liability, or in recovering or attempting to recover losses or expenses paid or incurred, as aforesaid.'
"In Employers' Liability Assurance Corporation, Ltd. v. Riverside Warehouses, Inc. 126 So.2d 185 (La.App. 4th Cir., 1961), the Court interpreted a similar indemnity clause. The Court found that the wording of the clause was unambiguous and the indemnitor was liable for the amount of the expenditures of the surety.
"The same appears to be true in the instant case. Under the unambiguous language of the indemnity agreement, the defendants are liable to Fireman's for all attorney *637 fees expended by Fireman's in connection with the bond.
"From the testimony adduced at trial and the exhibits introduced it appears that Fireman's made every reasonable attempt to secure information regarding the ability of the defendants to pay off the claims. This information was not furnished, and it appears that Fireman's was justified in hiring its own attorney to protect its interests. Fireman's had already incurred its legal fees when the Myricks finally recognized their obligation under the indemnity agreement. Fireman's Fund17 is a check from Fireman's to Mr. Charles W. Franklin for legal services in connection with the Community Coffee project. The check is for $1,399.22. The amount of the fee and the reasonableness, thereof are substantiated by an itemized statement of account (Fireman's Fund1) and individual time sheets (Fireman's Fund2 through 7). The fees appear to have been incurred in connection with the Community Coffee project and they result directly from the Myricks' failure to recognize their obligation under the indemnity agreement.
"Accordingly, it appears that plaintiff is entitled to judgment against the defendants in the amount of $1,399.22.
"The Myricks, as third party plaintiffs, filed a third party demand against Highlands Insurance Company. They allege that any liability which they might have is a result of the failure of Highlands to timely pay off the claims of Evans Electric Company.
"Highlands issued a bond covering the performance of Cliff Hughes Company of Louisiana, Inc. Cliff Hughes Company was a subcontractor on the Community Coffee project. Basically, two bonds were issued.
"The first bond was a Subcontract Performance Bond. It named W. H. Myrick, General Contractor, as the obligee. Hughes-Walsh Company, Inc. (later known as Cliff Hughes Company of Louisiana, Inc.) was the principal. Highlands was named as the surety. The bond guaranteed that the principal would fulfill all the undertakings of the subcontract with the obligee.
"The second bond was a Subcontract Labor and Material Payment Bond. The same parties were named as obligee, principal, and surety as in the Subcontract Performance Bond. In essence this bond guaranteed that all materialmen and laborers of the subcontractor would be paid. This bond was for the benefit of such claimants and allowed them to sue directly on the bond.
"The bonds of Highlands are not statutory in nature and must be construed in accordance with their own terms. See, e.g., Gateway Barge Line, Inc. v. R. B. Tyler Company, 175 So.2d 867 (La.App. 1st Cir. 1965).
"The law of Louisiana is clear that there is no right to recover attorney's fees in any claim, unless provided for by specific law or by the contract itself. Chauvin v. LaHitte, 229 La. 94, 85 So.2d 43 (1956).
"The bonds issued by Highlands contain no specific provision for the payment of attorney's fees. Thus, if the Myricks had sued for their own attorney's fees on the bond they would not be able to collect. See, e.g., Walters Air Conditioning Co. v. Firemen's Fund Ins. Co., 252 So.2d 919 (La.App. 2nd Cir. 1971).
"The Myricks, as third party plaintiffs, do not seek their own attorney fees. What the Myricks seek here is an amount they contend they are required by judgment to pay due to the failure of the principal, Cliff Hughes Company of Louisiana, Inc., to faithfully perform his subcontract. This they contend is covered by the Subcontract Performance Bond.
"Third party defendant, Highlands, filed peremptory exceptions of no right of action directed to W. H. Myrick Construction Company and Helen M. Myrick, as *638 well as exceptions of prescription and no cause of action directed to all three plaintiffs-in-reconvention. These exceptions were to be heard and tried in connection with the trial on the merits.
"The thrust of the exception of no right of action is that only W. H. Myrick was named as obligee on the bond. Helen M. Myrick and Myrick Construction Company, Inc. are not named as obligees in the bond. Therefore, they are without a right of action on the bond. Accordingly, the exception of no right of action will be sustained.
"The exception of prescription is based on Article (3)(a) of the Subcontractor Labor and Material Payment Bond, which only allows suit to be brought on the bond within one year from the date the principal last performed work under its subcontract. The bond sued on, however, is the Subcontract Performance Bond, which contained no similar provision. Therefore, the exception of prescription will be overruled.
"The thrust of the exception of no cause of action is that the principal demand is for failure of the Myricks to comply with a completely separate agreement to furnish information and defend suits for their surety, Fireman's. Highlands was not a party to this agreement. Had the Myricks complied with the terms of their indemnity agreement, they would not have become liable for damages. The obligation breached by the Myricks was a separate obligation undertaken by them and was not the obligation of Highlands. Therefore, it appears that the Myricks have no cause of action against Highlands and the exception of no cause of action will be sustained.
"For the foregoing reasons it appears that the plaintiff, Fireman's Fund Insurance Company, Inc., is entitled to judgment in its favor and against the defendants, W. H. Myrick, Helen M. Myrick, and Myrick Construction Company, Inc., in solido, in the amount of $1,399.22. Third party defendant, Highlands Insurance Company, Inc., is entitled to judgment in its favor and against the third party plaintiffs, W. H. Myrick, Helen M. Myrick, and Myrick Construction Company, Inc., sustaining the exceptions of no right of action and no cause of action and dismissing the third party demand. Costs of this proceeding are to be borne by defendants and third party plaintiffs, W. H. Myrick, Helen M. Myrick, and Myrick Construction Company, Inc., in solido.
"Judgment will be signed accordingly. * * *"
The ruling of the trial judge on the admissability of the Carruth deposition was correct.
The issue with respect to the alleged excessive charge for attorney's fees which counsel for appellants has strenuously argued was adjudged well within the limits of the discretionary authority of the trial judge. We concur in his judgment that the fees charged were within reasonable limits. The judgment in favor of Fireman's Fund against the Myricks, in solido, is correct and will be affirmed.
The obligation of Myricks to Fireman's Fund under the terms of the indemnity agreement is clear and unequivocal as to expenses, costs and attorney's fees. They defaulted on that obligation and incurred the liability for which Fireman's brought this suit. That issue should not be confused with the third party suit of Myricks against Cliff Hughes and Highlands, which is based on an entirely separate and independent contractual relationship.
It will be noted from the trial judges reasons for judgment, supra, that he said:
"The Myricks, as third party plaintiffs, do not seek their own attorney fees. What the Myricks seek here is an amount they contend they are required by judgment to pay due to the failure of the principal, Cliff Hughes Company of Louisiana, Inc., to faithfully perform his subcontract. This they contend is covered by the Subcontract Performance Bond."
*639 This is in error. What they seek is recovery of costs and expenses incurred as the result of Cliff Hughes and Highlands default on the "SUBCONTRACT LABOR AND MATERIAL PAYMENT BOND." True, the subcontract "Performance Bond" executed by Hughes and Highlands naming W. H. Myrick as obligee makes no provision for payment of attorney fees or any other costs or expenses in the event of default and a suit thereon. But this third party action is not a suit on that bond, but on the Subcontract Labor and Material Payment Bond which provides in pertinent part as follows:
"The above-named Principal and Surety hereby jointly and severally agree with the Obligee that every claimant as herein defined, who has not been paid in full before the expiration of a period of Ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Obligee shall not be liable for the payment of any costs or expenses of any such suit." (Emphasis added)
This is clearly a stipulation pour autrui in favor of labor and material "claimants." LSA-C.C. art. 1890. This provision clearly authorizes a "claimant" to file suit on the bond for enforcement and collection of his claim through judgment and execution against the principal and surety. It clearly provides also that in the event a claimant should avail himself of that authority,as Evans Electrical Supply, Inc. did in this case: "The Obligee [Myrick] shall not be liable for the payment of any costs or expenses of any such suit." (Emphasis added) Myrick did incur expenses in the form of attorney's fees as a result of the suit by a claimant. This expense was a direct consequence of the failure of Cliff Hughes, the principal and Highlands, the surety not having timely paid the claims. Cliff Hughes and Highlands were therefore in default in their obligation to the named obligee, Myrick.
This is not an attempt by Myrick to collect attorney's fees on account of his third party action for enforcement of the terms of the bond executed for his protection as obligee. It is instead a suit for recovery of expenses, albeit attorney's fees, incurred by him as a result of Cliff Hughes and Highlands having defaulted on their Subcontract Labor and Material Payment Bond executed for the benefit of "claimants" and to hold harmless the "obligee" Myrick. The trial judge failed to make this distinction and the cases cited are not relevant to the issue here.
Myricks' default to Fireman's did not enlarge Highlands' obligation to Myrick. There was no duplication of attorney's fees insofar as the Evans suit was concerned.
Among the issues raised on this appeal is the alleged error of the trial judge in sustaining the exception of no right of action of the third parties plaintiff (Myricks) as to Myrick Construction Company, Inc. and Helen M. Myrick. The point at issue is that the "Performance Bond" and the "Subcontract Labor and Material Payment Bond" issued by Highlands each named as obligee, "W. H. Myrick, General Contractor." A strict construction was applied and the court held that the corporation, Myrick Construction Company, Inc. and Helen M. Myrick were not named as obligees and therefore had no right of action against the bonding company, Highlands.
Counsel for the third party plaintiffs (Myricks) argues that the slight variation in naming the obligee was of no consequence; that it was the intention of all the parties that Highlands was to hold harmless the Myrick Corporation as indicated by the reference to Mr. Myrick as "General Contractor" with the knowledge of all concerned that it was his company *640 which was engaged for the construction project. He cites Article 432 of the Civil Code which is as follows:
"Corporations must not only be authorized by the Legislature, or established according to law, but a name must be given to them; and it is in that name that they must sue or be sued, and do all their legal acts, although a slight alteration in this name be not important." (Emphasis added)
The point is well taken and we agree with appellant that it was the intention of the parties to hold harmless the contractor, and it is of no importance whether the contractor was identified by his personal name or his corporate name. The exception of no right of action as against Myrick Construction Company, Inc. should have been overruled. As to Helen M. Myrick, individually, the exception of no right of action for her third party suit under the terms of the bond was unquestionably valid, since she was not named as obligee, and the judgment sustaining the exception as to her was correct.
The judgment overruling the plea of prescription was correct and will be affirmed, but for a different reason from that given by the trial judge. The trial judge noted in his "Reasons for Judgment," supra, that the plea of prescription was based on Article (3)(a) of the SUBCONTRACT LABOR AND MATERIAL PAYMENT BOND and said:
"The bond sued on, however, is the Subcontract Performance Bond, which contained no similar provision."
In this statement the trial judge was in error. The third party suit by Myricks against Highlands and Cliff Hughes was based on their default on the SUBCONTRACT LABOR AND MATERIAL PAYMENT BOND, as we have discussed above. If there is any ambiguity in the pleadings to indicate otherwise it will be disregarded under the authority of LSA-C.C.P. art. 2164. Section (3)(a) of the bond referred to is as follows:
"(3) No suit or action shall be commenced hereunder by any claimant,
"(a) After the expiration of one (1) year following the date on which Principal ceased work on said subcontract it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law."
Clearly this prescriptive limitation applies only to "claimants" under the authority of the bond. The bond defines a "claimant" as follows:
"A claimant is defined as one having a direct contract with the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the subcontract."
The prescriptive section, therefore, does not apply to the "Obligee" Myrick, and for that reason, if for no other, the exception of prescription should have been overruled.
A suit was filed by American Sprinkler Co., Inc. against W. H. Myrick Construction Co., Inc. and Fireman's Fund for $6,000 alleged balance due on its contract with W. H. Myrick Construction Co., Inc. for certain work done by it on the Community Coffee Company job.
Fireman's Fund through its attorneys filed an answer, denying for want of sufficient information, the allegations of American Sprinkler. It also sought by third party action in that suit indemnification from Myrick for any judgment which might be rendered against it with all costs and expenses incidental thereto, and specifically *641 for attorney's fees regardless of the outcome of the principal action. It also filed interrogatories in that suit. The record in that suit filed in evidence in this proceeding indicates no other filings or proceedings in that case. The claim of American Sprinkler, plaintiff, was settled by Myrick and no further proceedings were had in that suit. Fireman's Fund, plaintiff in this suit seeks recovery of the attorney's fees incurred in that action, as well as those incurred in the Evans Electrical Supply Inc. suit.
It must be noted that the American Sprinkler Company suit was under a contract with Myrick and did not involve Cliff Hughes and Highlands. It is necessary therefore to deduct from the total fees owed by Myrick to Fireman's Fund, the amount thereof which were incurred in defense of the American Sprinkler Co., suit, since that amount cannot be included in the third party judgment against Highlands.
We have attempted through review of the testimony and examination of the exhibits filed in evidence to determine which of the charges itemized should be charged to the defense of the American Sprinkler Co., suit. We have related the dates of entries of charges on the itemized statement to dates of filings in the American Sprinkler Co., suit in making that determination.
That suit was filed December 11, 1970 and service made on Fireman's Fund on December 21. Fireman's answer and third party petition was filed in January, 1971 (date not shown). On the itemized statement of Fireman's attorneys filed in evidence is an item dated December 9, 1970 "Conference with Mr. John Carruth, Mr. Edgar Thomas, relative to American Sprinkler Account, 2 hours, $80.00." This charge corresponds in date and is specifically identified with the American Sprinkler litigation. An item dated January 15, 1971 for "Correspondence with Mr. John Carruth, preparation and filing with Clerk of Court answer and third party petition on behalf of Fireman's Fund. 1 hour, $40.00." There are entries of charges of $20.00 each dated respectively February 22, March 11, June 30 and July 14, 1971, relating to conferences with Mr. Carruth and the Sheriff's office pertaining to difficulty in obtaining service on Mr. Myrick. The testimony relative to Mr. Myrick's absence from the state seems to substantiate the reason for these conferences. Apparently service was made on him on July 6, 1971 and the item entry of report to Mr. Carruth on July 14 relative to the service on Myrick appears in proper chronology, and obviously relates to the American Sprinkler Co. suit. No other entries in the itemized statement can be identified with proceedings in that suit nor is there any testimony of help to us in that regard.
Accordingly we will deduct these items totalling $200.00 from the total amount of attorney's fees incurred by Fireman's for which the third party plaintiffs, W. H. Myrick and Myrick Construction Company, Inc. are entitled to be reimbursed by Highlands. Accordingly the third party judgment will be $1,199.22.
In arriving at this figure we are aware of the possibility of some error or omission which might affect the net result. Whatever error may exist in this regard would be too insignificant to warrant a remand for further trial on this issue. The delay and expense involved would not be in the best interest of any party, nor serve the ends of justice. Furthermore, an allowance of $200 for the attorney's fees in connection with the American Sprinkler Co. suit is well within reason for the services rendered by Fireman's attorneys in that case.
The judgment of the trial court is silent with respect to the third party suit insofar as it names Cliff Hughes Company of Louisiana, Inc., as a third party defendant. This omission having not been objected to, the judgment stands as one of dismissal of the third party suit as against Cliff Hughes. LaHitte v. Acme Refrigeration *642 Supplies, Inc., 192 So.2d 172 (La.App. 4th Cir. 1966), writ refused 250 La. 99, 194 So.2d 98 (1967), cert. denied 389 U.S. 821, 88 S.Ct. 44, 19 L.Ed.2d 73, rehearing denied 389 U.S. 1025, 88 S.Ct. 583, 19 L.Ed.2d 674; Guilbeau v. Guilbeau, 308 So.2d 435 (La.App. 3d Cir. 1975); Ree Corporation v. Shaffer, 246 So.2d 313 (La.App. 1st Cir. 1971), affirmed 261 La. 502, 260 So.2d 307 (1972); Wendel v. Dixon Real Estate Company, 232 So.2d 791 (La.App. 4th Cir. 1970) writ refused 256 La. 249, 236 So.2d 29 (1970).
The motion and order for appeal and the notice of appeal significantly fail to mention Cliff Hughes Company while specifically naming Highlands Insurance Co. and the judgment in its favor dismissing the third party suit against it. From that portion of the judgment the appeal was expressly devolutive. It was made suspensive as it related to Fireman's Fund. There was no appeal from the judgment dismissing Cliff Hughes, and though incorrect, it is now final.
The judgment as appealed in favor of Fireman's Fund Insurance Company and against W. H. Myrick Construction Company, W. H. Myrick and Helen M. Myrick, in solido, in the principal sum of $1,399.22, is affirmed. The judgment in favor of Highlands Insurance Company insofar as it sustains the exception of no right of action as to Helen M. Myrick and dismissing the third party action as to her is affirmed. The judgment overruling the exception of prescription is affirmed. The judgment sustaining the exception of no right of action as to Myrick Construction Company, Inc., is annulled and reversed and the judgment sustaining the exception of no cause of action and dismissing the petition of the third party plaintiffs, W. H. Myrick and Myrick Construction Co., Inc. is annulled and reversed and judgment is hereby rendered in favor of W. H. Myrick and Myrick Construction Company, Inc., third party plaintiffs, against Highlands Insurance Company, third party defendant in the full sum of $1,199.22 with interest and cost.
The appellee, Highlands Insurance Company is cast for all costs of court.
Affirmed in part reversed in part and judgment rendered.

ON REHEARING
Before SARTAIN, ELLIS and BARNETTE, JJ.
PER CURIAM.
Counsel for Highlands Insurance Company, third party defendant, in its application for rehearing has urged three grounds for consideration by us for granting the same. One such ground is that in reversing the trial court's judgment sustaining an exception of no right of action as to W. H. Myrick and Myrick Construction Company, Inc.'s third party petition, we included W. H. Myrick, individually, as an obligee under the bond in addition to Myrick Construction Company, Inc., against Highlands Insurance Company, third party defendant, in the amount of $1,199.22, the result of which may subject Highlands Insurance Company to multiple claims.
This technical amendment is consented to by counsel of record for both parties with counsel for Highlands Insurance Company specifically reserving his rights as to the other grounds raised in his application for rehearing.
Accordingly, a rehearing is granted herein for the purpose of clarifying and amending the decretal portion of our judgment insofar as the third party claim is concerned by deleting therefrom W. H. Myrick, individually. In all other respects the original judgment shall remain the same.
Original judgment amended and as amended reinstated.