323 So.2d 490 (1975)
Wallace S. HOOVER, d/b/a Baton Rouge Home Cleaners
v.
Patrick O. BEATTY.
No. 10441.
Court of Appeal of Louisiana, First Circuit.
November 24, 1975.
*491 Richard B. Nevils, Baton Rouge, for appellant.
Thomas R. Elkins, Baton Rouge, for appellee.
Before LANDRY, COVINGTON and BARNETTE, JJ.
COVINGTON, Judge.
This is a suit to recover the sum of $1,887.79, allegedly due plaintiff, Wallace S. Hoover, the owner of Baton Rouge Home Cleaners, from the defendant, Patrick O. Beatty, for cleaning the defendant's home and its contents, which were smoke-damaged by a garage fire, and alternatively for recovery based on quantum meruit. The defendant filed a general denial, and reconvened for property damage and mental anguish in the amount of $1,259.00, allegedly caused by the poor workmanship of the plaintiff's cleaners.
Plaintiff and one of his employees who worked on this particular job testified to the work performed by the plaintiff and the manner in which the work was performed. Defendant and his wife testified to the work performed by the plaintiff, the unsatisfactory manner in which it was done, and also as to the property damage allegedly caused by said work.
After hearing the evidence, the trial court rendered judgment in favor of the plaintiff-defendant in reconvention in the sum of $383.70, dividing the costs equally between the parties. The plaintiff has devolutively appealed this judgment. We affirm.
*492 Although the trial judge assigned no reasons for his judgment, it can be reasonably inferred from the judgment that he did not accept completely either the plaintiff's version or the defendant's version of the transaction between the parties. It also appears that the judge considered that the original written contract was "almost ignored (by the parties) and they entered into an oral contract."
The plaintiff on appeal urges us to reverse the judgment by the trial court on the ground that it is in conflict with "... the testimony and exhibits adduced at the trial on the merits." Remarkably, however, the plaintiff has failed to cite any authority to support his position on appeal. Be that as it may, the appellant seemingly concedes that the evidence is in conflict, viewing the case in the following light: "The very nature of the factual situation now before the Court renders a definite decision very difficult to say the least."
We have reviewed the evidence and the testimony of the witnesses. It is unnecessary for us to detail their testimony but suffices to say that such testimony is conflicting. There is some evidence to sustain the finding that the plaintiff performed some work at the defendant's home and also some evidence to sustain a finding that the work was not performed in a satisfactory manner. In addition, there is some evidence to sustain a finding that defendant's property was damaged as a result of the work performed by the plaintiff's cleaners. We find no evidence to sustain an award for mental anguish in this case and the judgment does not reflect an award for this element of damage, although such awards are authorized by LSA-C.C. Art. 1934(3) and have been made in other cases; e.g. Jack v. Henry, 128 So.2d 62 (La.App. 1st Cir. 1961); Wolfe v. LaVasseur-Hinson Const. Co. et al, 147 So.2d 747 (La.App. 2nd Cir. 1962).
Relative to proof, the rule of law applicable is succinctly stated in the case of Rapides Packing Company v. Viking Packing Co., 246 So.2d 725 (La.App. 4th Cir. 1971), at page 726:
"As plaintiff is required to prove the allegations by a preponderance of evidence in the main demand, so it is incumbent upon the defendant to prove by a preponderance of evidence the allegations contained in the reconventional demand."
The right of the owner to recover in an instance of this nature is provided by statute and supported by the jurisprudence.
In our Civil Code under that portion which speaks "Of The Damages Resulting From The Inexecution of Obligations", there appears Civil Code article 1930, which reads as follows:
"The obligations of contract [contracts] extending to whatsoever is incident to such contracts, the party who violates them, is liable, as one of the incidents of his obligations, to the payment of the damages, which the other party has sustained by his default."
And, R.S.-C.C. Art. 2769 reads:
"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."
The latter article has been uniformly held to contemplate an implied obligation to perform the contracted services in a workmanlike or skillful manner; 44 Tul. L.Rev. 414; also Rotolo v. Stewart, 127 So.2d 24 (La.App. 1st Cir. 1961), wherein the contractor installed wet hardwood floors which warped and buckled and the owner was awarded damages to correct the defect.
We view the instant case primarily as one where the trial court has made a credibility determination in accepting the testimony of the defendant and his wife rather *493 than the testimony of the plaintiff and his employee on the crucial question of what work was actually performed in a satisfactory manner by the plaintiff's cleaners.
Our Supreme Court has given us a carefully considered opinion in Canter v. Koehring, 283 So.2d 716 (La.1973), setting out the principle of appellate review of facts as follows, on page 724 thereof:
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also on the proper allocation of trial and appellate functions between the respective courts."
The Canter case makes it clear that when there is evidence before the trial court which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, the reviewing court, in the absence of manifest error, should not disturb this factual finding by the trial court. A reviewing court must give great weight to the factual finding of the trial court, and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the reviewing court may consider that its own evaluations and inferences would lead to a different conclusion.
Our review of the evidence leads us to believe that the trial court's judgment meets the standard of reasonableness demanded by the Canter case.
Plaintiff-appellant also put at issue an alleged compromise agreement between the parties whereby the homeowner agreed to pay $1,000.00 to appellant. The trial court's judgment is silent in regard to that claim. In such instances, our jurisprudence is well-settled that it is presumed that the lower court denied the relief sought; see opinion of this court in Fireman's Fund Insurance Company v. Myrick, 317 So.2d 632 (La.App. 1 Cir. 1975) and the numerous authorities cited therein. We find no manifest error in such denial.
For the foregoing reasons, the judgment appealed from is affirmed at the appellant's cost.
Affirmed.