COVINGTON, Judge:
The plaintiff, Robert L. Raborn, appeals the judgment rejecting his demands for damages allegedly caused by defendant’s unlawful conversion of plaintiff’s property and dismissing the plaintiff’s suit at his costs. We affirm.
The plaintiff claims that the unlawful conversion came about when he took a washing machine to Lee Ourso Repair Service, and he wished to obtain an estimate of the cost of the work before authorizing repairs; but, that instead of advising him of the estimated cost of repairs, the defendant went ahead and made the repairs to the appliance. Further, the plaintiff alleges that the cost of repairs came to the sum of $71.02, including $32.50 as labor, and that the defendant advised him that that sum of money would have to be paid before the appliance could be released to the plaintiff. The plaintiff further alleges that he went to the defendant’s shop to get the washing machine and that he tendered to the defendant a personal check payable to order of the defendant in the amount of $71.02, with words written thereon to the effect that payment was tendered under protest for release of the machine.
Thereupon, the defendant declined to accept the check under those conditions and informed the plaintiff that he would remove his parts from the appliance, reinstall the old parts and then return the washing machine to plaintiff.
According to the plaintiff, he requested that the defendant not remove the new parts and again tendered the same check to defendant, assuring the defendant that the check was good and payment would not be stopped on it. The defendant refused to agree to this arrangement and insisted that he remove his parts and reinstall the old parts in the washing machine. The plaintiff claims that at this point the defendant became hostile and continued to refuse to accept the tendered check. Thereupon, the plaintiff departed the defendant’s premises. The next day the plaintiff brought the un-repaired washing machine back home and put it in his barn.
On appeal, as he did in the trial court, the plaintiff’s position is that the defendant undertook the repair of the washing machine without consent of the plaintiff and in direct disregard of the plaintiff’s strict instructions not to repair before the plaintiff had approved the estimated cost of repairs. The plaintiff urges that this constitutes a breach of contract, and an unlawful conversion of the plaintiff’s property. Basically, it is the plaintiff’s contention that the defendant owed a duty to return to plaintiff his washing machine with the repairs made and that defendant’s refusal to do so entitles the plaintiff to damages for the wrongful conversion of his property. The plaintiff claims $999.00, plus interest from date of judicial demand until paid, as damages.
After hearing the testimony of the witnesses, the trial judge concluded that the plaintiff had not proved his claim by a preponderance of the evidence and rejected the demands of the plaintiff.
The trial judge stated in his “Reasons for Judgment” that:
“It is believed by the Court that petitioner’s washing machine was restored to its former condition of inoperability and was loaded on petitioner’s pick up truck and no payment was accepted by the defendant.
*1273 “None of petitioner’s testimony and that of his witnesses nor any real evidence supports his claim for any damages sustained by him — property or personal. “Upon hearing the testimony and reviewing the evidence the Court is of the opinion that if error was committed in repairing the washing machine when only an estimate was demanded then the error was corrected in all due speed by the replacement of the faulty parts and the return of the machine in its original condition to the petitioner. The defendant in the court’s opinion came under no duty to accept petitioner’s check.”
After reviewing the record and studying the applicable law, we are of the opinion that the trial judge in his reasons for judgment has accurately stated the facts and correctly applied the applicable law. The facts found by the trial judge are reasonably supported by the credible evidence in the record. See Dyson v. Gulf Modular Corp., 338 So.2d 1385 (La.1976); Hoover v. Beatty, 323 So.2d 490 (La.App. 1 Cir. 1975).
Accordingly, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.