COVINGTON, Judge.
This is an appeal from a judgment of the trial court in favor of LCR Corporation and against the defendant, Raymond C. Johnson, d/b/a R. C. Johnson Construction Company, in the amount of $3,201.76, but subject to a credit of $850.77, owed on an open account. We affirm.
The plaintiff, a building supply dealer, allegedly sold certain building supplies to defendant through his agent, Dennis R. Devrow. When defendant failed to pay the balance owed for the materials, the plaintiff instituted this suit on an open account. The defendant answered, denying that the materials were sold or delivered to him.
After hearing the testimony of the witnesses, the trial court determined that the debt, subject to certain credit, was owed by the defendant. In reaching this determination, the trial judge remarked:
“The principal issue in this case boils down to credibility bearing on the question of whether there was express authorization given by Johnson to LCR’s representative to permit Devrow to incur charges on the account. The Court believes that there was. While the power of attorney was confected after this credit application was acted upon by Capone (plaintiff’s credit manager), it rather confirms the fact that Devrow had Johnson’s confidence and Johnson intended for Dev-row to act to consummate his business transactions in the Lake Charles area. Further, on his first visit to the witness stand, the Court had the distinct impression that Johnson did not wish to deny the first telephone call from Capone, although his memory may have been somewhat hazy. With this finding, the Court concludes that Devrow and his employees were authorized to make the purchases described by Arndt (plaintiff’s sales representative) and that to the extent of the total of the purchases the balance of the account is correct.”
After reviewing the record, we believe that the trial judge correctly stated the facts and applied the law in making his decision. The credible evidence in the record reasonably supports his findings of fact. See Hoover v. Beatty, 323 So.2d 490 (La. App. 1 Cir. 1975). The absence of some invoices is of no consequence. Without them, there is ample evidence to support the conclusion of the trial judge.
The court disallowed plaintiff-appellee’s demand for an additional small sum representing a “service charge” of 12% annually on past due balances, as set forth in the credit application. The plaintiff has neither appealed nor answered the appeal; therefore, we need not consider that facet of the case.
We affirm the judgment at the appellant’s cost.
AFFIRMED.