STOKER, Judge.
Plaintiff, Ramon Estrada, appeals from a judgment awarding him worker’s compensation benefits in the amount of $49.00 per week for three weeks and $115.00 in medical expenses. He claims on appeal that he is totally and permanently disabled and is entitled to compensation in the amount of $49.00 per week for 500 weeks. He also argues that the trial court erred in failing to award penalties and attorney’s fees. For reasons set out below, we affirm the judgment of the trial court.
FACTS
The accident out of which this suit arises occurred on May 27, 1970, in Natchitoches, Louisiana. Mr. Estrada was a guitarist for Antoine “Fats” Domino. The members of Mr. Domino’s band were travelling in two station wagons from New Orleans to Las Vegas for a scheduled performance. The vehicle in which Mr. Estrada was riding crossed the center line and collided with a tractor-trailer truck.
Mr. Estrada was admitted to the Natchi-toches Parish Hospital where he was found to have a mild concussion, a compression fracture of the 4th lumbar vertebra, and multiple abrasions and contusions. He was discharged from the hospital on June 2, 1970, and returned to New Orleans. At that time Mr. Domino gave Mr. Estrada a plane ticket to take him from New Orleans to his home in Santa Barbara, California. Domino also gave Estrada an undetermined amount of cash.
Approximately three weeks to one month after the accident, Mr. Estrada rejoined the group in Las Vegas for their scheduled performance. He worked for about one month and was then fired for smoking marijuana according to Raymond Allen, Mr. Domino’s valet. He later returned to the band for a short time after which he was again fired due to conflicts with other band members.
This suit was filed on May 26, 1971, but Mr. Domino was not served until March 4, 1976. The matter did not come to trial until September 30, 1982. We note that although Mr. Domino’s liability insurer, *38 United States Fidelity & Guaranty Company, answered the suit and judgment was granted in its favor, it was neither named a defendant in plaintiffs original petition nor does the record show that it was added as a defendant.
Mr. Domino filed a third party claim against his excess liability insurers, but no ruling was made by the trial court on this claim. Silence in the judgment as to this demand constitutes a rejection of the claim. See Fireman’s Fund Insurance Company v. Myrick, 317 So.2d 632 (La.App. 1st Cir.1975), and authorities cited therein'. No claim has been made on appeal regarding these third party defendants, therefore, any judgment in the insurers’ favor has become final.
In Mr. Estrada’s petition he sought relief on the basis of tort liability and, alternatively, under the worker’s compensation law. The trial judge found that no tort liability was proved and awarded compensation only under worker’s compensation. On appeal, plaintiff seeks relief only under worker’s compensation. The only issues before us for determination in this appeal are the extent of Mr. Estrada’s disability and the failure of the trial court to award penalties and attorney’s fees.
DISABILITY
The only medical testimony presented at trial was that of Dr. Cook, a general practitioner, who treated Mr. Estrada when he was at the Natchitoches Parish Hospital. When Mr. Estrada was released from the hospital on June 2, 1970, Dr. Cook recommended that he not return to work for at least three weeks. He anticipated that Mr. Estrada should be able to return at that time.
Dr. Cook did not see the plaintiff again until January 24, 1977, at which time he made no findings of disability. He recorded Mr. Estrada’s complaints and recommended diagnostic tests which were apparently never performed.
Mr. Estrada introduced, over objection, several bills and cancelled checks from various pharmacies and bills from a number of different doctors and emergency rooms dated throughout the 1970’s and 1980’s before trial. However, he offered no evidence to show that these bills were related to the accident of May 27, 1970, other than his own testimony which is discussed below.
According to Mr. Estrada, he returned to work for the rescheduled Las Vegas performance because he needed the money. He testified that as a result of the accident he began to abuse alcohol and drugs in order to deal with his pain. His explanation of his lack of medical testimony was that since he frequently travelled to different cities with the band, and even after he was fired, he would simply go to an emergency room with his complaints and obtain a prescription for pain killers. Mr. Estrada could not remember the names of most of these emergency room doctors nor was he specific as to what treatment he received in the emergency rooms. Mr. Estrada’s testimony regarding his return to work with Mr. Domino and attempts to do other work is also vague and indefinite.
We recognize that the testimony of a worker’s compensation claimant may be sufficient evidence, but where that testimony is the sole evidence, it must be clear and convincing. Crochet v. American Tobacco Company, 407 So.2d 1330 (La.App. 3rd Cir.1981). Although the occurrence of a work-related accident is not disputed, plaintiff has failed to prove that he was disabled by that accident for more than three weeks. Apparently he made no complaints to Mr. Domino or any of his co-workers, and he returned to work with the band at the next available opportunity after the accident. The trial court’s credibility evaluations and findings of fact as to disability in this case are not clearly wrong.
PENALTIES AND ATTORNEY’S FEES
The trial court found that Mr. Domino was not arbitrary and capricious in failing to pay compensation for three weeks based on Dr. Cook’s prognosis or in failing to pay for any medical bill. Because of the *39 peculiar circumstances of this case, we agree.
The only bills admitted into evidence at trial regarding Mr. Estrada’s treatment in Natchitoches immediately after the accident were those submitted by Dr. Cook. There were no bills from the hospital. When questioned, Dr. Cook testified that he did not know if his bill had been paid. Mr. Estrada testified that he had the bills sent to Mr. Domino’s attorney, but the bills admitted into evidence were addressed to Mr. Estrada. There is no evidence that Dr. Cook’s bills were ever submitted to Mr. Domino, but the trial judge did award Mr. Estrada $115 for Dr. Cook’s undated bill.
With regard to the three weeks disability, it is clear that Mr. Domino had notice of the accident and knew that Mr. Estrada was disabled for at least the six days he was in the hospital. (Since Estrada’s disability was in any event limited to three weeks he would not be entitled to compensation for the six days of hospitalization under LSA-R.S. 23:1224.) For the period immediately after Mr. Estrada’s discharge from the hospital, it appears that the band was not working. This time is referred to as a “cooling off” period. When the band returned to its next scheduled performance, Mr. Estrada joined and continued to work until he was dismissed. There is nothing to show that Mr. Domino had notice of any disability continuing after Mr. Estrada’s discharge from the hospital.
For the above reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.